# A.  G.  S.  Railroad  Co.  *v.*  Planter's Warehouse  &  Com.  Co.

*Action for Damages for Destruction of Property by Fire*

(Decided July 15, 1907.   45 So. Rep. 82.)
(Rehearing denied Dec. 19, 1907.)

1. *Appeal; Record; Transcript; Time of Filing; Statutory Provisions; Rules of Court.*—Supreme Court rule 45 does not conflict with the provisions of section 452 and 472, Code 1896, since, while these sections fixes the day when the transcript must be filed, they prescribe no penalty for failure to file on such a day, nor do they prescribe what shall be the result of the failure to file, but leave the whole matter to the discretion of the court.

16 R

[A. G. S. Railroad Co. v. Planter's Warehouse & Com. Co.]

2. *Same; Dismissal of Appeal; Discretion of Court.*—This court will not dismiss an appeal, under rule 45, for failure to file the transcript on the day required by section 452, Code 1896, where the transcript was filed during the week set for the hearing of the cause. However, the court will see that the appellee is not prejudiced by a failure to file on an earlier day, where appellee shows that he has not had time to examine the transcript on account of delay in filing.

3. *Railroads; Operation; Fires; Injuries Caused by; Action; Pleading; Sufficiency.*—A complaint which alleges that the defendant, its agents or employes, negligently set fire to and destroyed certain property belonging to plaintiff, on plaintiff's premises in a named town and county is sufficient.

4. *Same.*—A complaint which alleges the operation of a railroad by a defendant, that plaintiff owned certain described property situated on plaintiff's premises, which property was destroyed by fire communicated to certain bales of cotton by sparks from defendant's engine through the negligence of defendant, its servants or agents, is not subject to demurrer that it is uncertain and indefinite.

5. *Same; Defenses.*—As a defense to an action for destruction of property by fire communicated from one of defendant's engines, a plea which alleges that although there was a covered or enclosed platform for the purpose of storing cotton, the cotton was placed on an uninclosed platform on defendant's right of way next the track, which was not used for storing cotton; that it was not a place reasonably safe for the storage of cotton, but that there was constant danger from sparks; that plaintiff negligently failed to remove the cotton to the enlcosed part of his warehouse within a reasonable time but negligently permitted it to remain on the platform exposed to danger from ignition and that as a result the fire was communicated to the cotton and to plaintiff's other property, is insufficient on demurrer.

6. *Same.*—A plea alleging that plaintiff was guilty of contributory negligence in placing the cotton on an unenclosed platform where it was exposed to danger of fire from sparks from defendant's engine, that plaintiff was warned of such danger by an agent of defendant and that such contributory negligence was the proximate cause of the destruction of plaintiff's property, is insufficient as an answer to an action of damages for destruction by fire.

7. *Same.*—A plea alleging that the destruction of plaintiff's property was caused by plaintiff's contributory negligence in leaving cotton on an unenclosed platform near defendant's track; that prior to this occurrence fire had been communicated by passing trains to cotton placed there; that plaintiff had knowledge of the same and had been warned of the danger, and that notwithstanding this and that a high wind was blowing from the track towards the warehouse plaintiff placed his cotton in this exposed position, is insufficient.

8. *Same; Precautions Against Fire.*—The owner of a warehouse near defendant's tracks cannot be held guilty of contributory negligence for a mistake in judgment as to the best method of extinguishing a fire, or for failure to keep fire hose in the warehouse to guard against fires set by sparks from passing engines.

[A. G. S. Railroad Co. v. Planter's Warehouse & Com. Co.]

9. *Same.*—A plea alleging that the cotton was liable to be set on fire by defendant's engine passing over defendants tracks and that after the cotton was set on fire plaintiff negligently failed to exercise reasonable diligence or take reasonable precautions to prevent the fire from spreading to the warehouse and thus proximately contributing to the burning and destruction of his property, is insufficient as an answer to 'an action for the destruction of property by fire.

APPEAL from Greene Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by the Planters' Warehouse & Commission Company against the Alabama Great Southern Railroad Company. From a judgment for plaintiffff, defendant appeals. Affirmed.

Count 1. The plaintiff claims of the defendant the sum of $10,000 damages, for that, heretofore, towit, the 14th day of March, 1901, the defendant, its agents, servants, or employes, negligently set fire to and destroyed, towit, a one story frame metal clad building, used as a warehouse, 187 sacks of cotton seed meal, 247 sacks of cotton seed meal, 52 sacks Mobile Standard guano, 53 sacks Armour Helmet Brand guano, 120 sacks acid phosphate, 400 sacks corn meal, 2 cases Armour hams, 2 cases California ham, 13 50-pound cases shield lard, 5 60-pound cases shield lard, 1,956 pounds bacon rib, 181 pounds dry salt ribs, 1 pair Robedeaux cotton scales, 4 pair cotton trucks, 2 bridging telephone, 2 bales of cotton, 3 bundles telephone wire, 96 barrels of flour, 1½ barrels rubber roof paint, 1 pair Fairbanks' platform scales, 1 bank automatic check punch, 2 desks, 1 derrick for hoisting cotton, 150 feet platform—the property of plaintiff, located on the premises of the plaintiff, in the town of Eutaw, in Greene county. Count 2. The plaintiff claims of the defendant the further sum of $10,000 damages for that, heretofore, on, towit, March 14, 1901, the defendant was engaged in running or operating a steam engine or locomotive on defendant's track in

Greene county, Ala., and plaintiff owned towit (here follows description of property set out in count 1), which said building and platform was situated on premises of plaintiff in the town of Eutaw, Greene county, Ala., and the other above-described personal property was situated or stored in the said warehouse building of the plaintiff, and which said building and platform and other personal property was damaged or destroyed by fire, which fire was communicated to certain bales of cotton which were on the platform adjoining the warehouse, and which platform was in possession of and used by the plaintiff, by sparks emitted from the engine or locomotive operated by the defendant; and plaintiff further alleges that said fire was communicated from said engine or locomotive to the cotton on said platform through the negligence of the defendant, its servants or agents, and that said fire spread to and destroyed or damaged the above-described property, to the great damage of the plaintiff, as aforesaid. The following demurrers were interposed to the first count: (1) Said count is indefinite and uncertain, in that it does not aver or show in what manner the defendant is alleged to have set fire to and destroyed the property of the plaintiff. (2) Said count does not sufficiently inform the defendant in what manner it is alleged that defendant set fire and destroyed the property of the plaintiff. (3) It is not averred or shown that defendant negligently operated its engine, and thereby proximately caused the fire and the destruction of the plaintiff's property. (4) It is not averred or shown that the engine of the defendant being operated was in a defective condition, and thus proximately caused the fire and the destruction of the plaintiff's property. (5) The negligence alleged is stated merely as a conclusion of the pleader. (6) It is not averred or shown that the engine of defendant was in a

defective condition, or that it was negligently operated. It is averred in said count that the defendant was guilty of negligence, whereas the facts show that the defendant was not guilty of negligence. To the second count of the complaint defendant assigns as grounds of demurrer, separately and severally, each and every ground of demurrer hereinabove assigned to the first count of the complaint.

The defendant filed the following pleas: (1) The general issue. (2) That the burning and destruction of the property would not have occurred but for the negligence of plaintiff itself, which proximately caused or contributed thereto, which said proximate contributory negligence consisted in this: That the plaintiff did stand or place cotton in bales on his platform near to and in dangerous proximity to the track of the defendant, where same was liable to be set afire by sparks from defendant's engine, when plaintiff knew, or by the exercise of reasonable diligence could have known, that it was dangerous to so store cotton on said platform which was uncovered. (3) Same as (2) down to the words "in this": That plaintiff did negligently stand or place cotton in bales on a platform near to and in dangerous proximity to the tracks of defendant, where the same was liable to be set on fire by sparks from defendant's engines passing backward and forward on said track. (4) Contains all of (2), with this additional averment: And that the said cotton was liable to be set fire to, as alleged, by an engine of the defendant passing on the tracks of the defendant, and that plaintiff, after the said cotton on said uncovered platform was burning, negligently failed to exercise reasonable diligence or to take reasonable precautions to prevent the said fire from spreading into said warehouse, thereby proximately contributing to the said burning and destruction, as averr-

ed. (5) Same as (4). The following demurrers were interposed to the defendant's pleas. To the second plea: (1) Because the same shows that the cotton was stored on the premises of the plaintiff at the time of its ignition, and that the storing or placing of said cotton, as averred in said plea, was not the proximate cause of its destruction, but a mere condition. (2) Because it is shown by said plea that the said cotton at the time of its ignition was on the premises of the plaintiff, and was destroyed by the negligence of the defendant, and that such negligence of the defendant was the direct and proximate cause of its destruction. (3) Because said plea shows that the negligence of the defendant, and not the placing of said cotton on said platform by the plaintiff, was the proximate cause of the loss and damage. (4) Because said plea shows that the placing of said cotton on the platform of plaintiff was not negligence, and did not proximately contribute to the loss or damage. (5) Because the plaintff is not shown by said plea to have made any unlawful or negligent use of its property. (6) That the placing of the cotton on said platform was not the proximate cause of its being set on fire, but a mere condition. (7) Because the said plea shows that the cotton at the time of its destruction was situate on the premises of the plaintiff. (8) Because the said plea fails to aver or show that the cotton at the time of its destruction was situate on the premises or right of way of the defendant. (9) Because the plaintiff was not bound to anticipate the negligence of the defendant. (10) Because the plaintiff had a right to act on the presumption that the defendant would not be guilty of any negligence which would damage or destroy plaintiff's property when stored or placed on its (plaintiff's) premises. (11) Because said plea wholly fails to aver how or in what manner the placing of said cotton on the

platform proximately contributed to the injury complained of in the complaint. (12) Because said plea avers facts that charge the defendant with knowledge of the presence of said cotton on said platform; which knowledge on the part of the defendant required it to exercise even greater care in order that no damage should be done to such cotton by the defendant, and totally fails to aver that defendant exercised such additional care or caution. (13) Because said plea fails to aver that said cotton was placed by the plaintiff in such close proximity to defendant's track as to incur the danger of being burned or fired by passing engines or locomotives equipped with appliances that are in use on well-regulated railroads. (14) Because said plea fails to aver the said cotton was placed by plaintiff in such close proximity to defendant's railroad track as to be in danger of being ignited by sparks from an engine or engines of defendant, which were properly equipped with spark-arresting devices and properly handled. (15) Because the said plea in general terms charges the plaintiff with contributory negligence, yet the facts alleged in said plea show that the plaintiff was not guilty of negligence, and did only what it had a legal right to do. (16) Because the plea of contributory negligence is no answer to the complaint in this cause. (17) Because said plea fails to aver that said cotton was placed by the plaintiff in such close proximity to defendant's railroad track as to be in danger of being ignited by sparks from an engine or engines of the defendant, without the negligence of the defendant in equipping or handling such engine or engines. (18) Because said plea shows that the cotton so placed by the plaintiff would not have been ignited by sparks from an engine or engines of defendant which were properly equipped with spark-arresting devices, such as are used on well-regulated rail-

roads. (19) Because said plea shows that the cotton so placed by the plaintiff would not have been ignited by sparks from an engine or engines of defendant properly and skillfully handled. (20) Because said plea shows that in placing cotton on the said platform, as averred in said plea, the plaintiff assumed the risk of accidental fires, but did not assume the risk of fire caused by the defendant's negligence. And the plaintiff demurs to the third plea filed by the defendant, and for grounds of demurrer assigns separately and severally the same grounds of demurrer to the second plea. And the plaintiff demurs to the fourth plea filed by the defendant, and for grounds of demurrer assigns separately and severally the grounds assigned as grounds of demurrer to the second plea, and also demurs to said fourth plea on the following additional grounds: (21) That said plea fails to aver how or in what manner the plaintiff failed to exercise reasonable diligence or failed to take reasonable precaution to prevent said fire from spreading into said warehouse. (22) Because the said plea fails to aver that the plaintiff had the present means of preventing the said fire from spreading into the warehouse. (23) Because said plea fails to aver that the plaintiff failed to make use of such means as it had at hand to prevent the spread of said fire into said warehouse. (24) Because said plea fails to aver how or in what manner the plaintiff failed to exercise reasonable diligence or to take reasonable precaution to prevent said fire from spreading into said warehouse, and the said allegations of said plea are simply the conclusions of the pleader. (25) Because said plea fails to aver how or by whom the said fire might have been prevented from spreading by the use of diligence or precautions. (26) Because said plea fails to aver that the plaintiff, by the exercise of reasonable diligence or by taking reasonable precau-

tions, could have prevented said fire from spreading into said warehouse. (27) Because said plea fails to aver that, after it had discovered the said fire, the plaintiff failed to exercise reasonable diligence or to take reasonable precautions to prevent said fire from spreading into said warehouse. To the fifth pela the same grounds of demurrer as to the second and fourth.

These demurrers being sustained, the defendant filed the following pleas: (a) For further answer to each count of said complaint, defendant says: That the accident and damage complained of would not have happened but for the negligence the plaintiff itself, its servants or agents, proximately contributed to the injury and damage complained of, and that said proximate contributory negligence consisted in this: That plaintiff's warehouse was an inclosed warehouse, close to the track of defendant, which warehouse was used by plaintiff for the purpose of storing cotton. That between the warehouse and the track of defendant, and connected with said warehouse, was an inclosed and covered platform belonging to the defendant, or utilized by the defendant, where cotton for shipment on defendant's railroad was received by defendant, and which was a reasonably safe place for the storage of cotton. That on the east or north side of said covered and inclosed platform and the said inclosed warehouse, running perpendicular to and at right angles with defendants' track, there was a platform, which was ordinarily used by the plaintiff for the purpose of receiving cotton from its customers, but not for storing the same. That, towit, 30 feet of said uninclosed platform nearest defendant's track belonged to the defendant, or was on defendant's right of way, the rest of said platform belonging to the plaintiff. That said uninclosed platform extended up to within, towit, three feet of the track of defendant, and

was not a reasonably safe place for the storage of cotton, by reason of the fact that, being very near to the defendant's railroad track, there was constant danger of cotton on said platform being ignited by sparks emitted from defendants' engine, of which fact plaintiff or its agent or servants had due knowledge or notice. Defendant avers that nevertheless plaintiff or its said agent or servants caused or permitted a lot of cotton to be placed on said uninclosed platform up next to the track of defendant and on the right of way of the defendant, and negligently failed to remove the same into the inclosed part of said warehouse within a reasonable time, and negligently allowed the same to remain on said platform, exposed to danger of ignition by fire from defendant's locomotive engine, and that while so remaining on said uninclosed platform a part of said cotton was ignited by sparks emitted from one of the defendant's locomotive engines, and that the fire so communicated to said cotton on said uninclosed part of said platform was communicated to the said warehouse and other property mentioned in said complaint, which was destroyed, and that the destruction of plaintiff's property in the same manner as hereinabove stated was proximately contributed to by the negligence of the plaintiff or its agent or servants, in the manner as herein alleged. (b) For further answer to each count of said complaint, defendant says: That the accident and damage complained of would not have happened but for the negligence of the plaintiff itself or its agents or servants, which negligence of the plaintiff or its agents or servants proximately contributed to the injury and damage complained of, and that said proximate contributory negligence consisted in this: That plaintiff's warehouse was an inclosed warehouse, close to the track of defendant, which warehouse was used by plaintiff for the purpose of stor-

ing cotton. That between the said warehouse and the track of the defendant, and connected with said warehouse, was an inclosed and covered platform belonging to the defendant, or utilized by the defendant, where cotton for shipment on defendant's railroad from said warehouse was received by defendant, and which was a reasonably safe place for the storage of cotton. That on the east or north side of said covered and inclosed platform and the said inclosed warehouse there was a platform, which was uninclosed, running perpendicular to and at right angles with defendant's track, and to within, towit, three feet of defendant's track, and which was ordinarily used by the plaintiff for the purpose of receiving cotton from their customers, but not for storing the same. That, towit, 30 feet of said uninclosed platform nearest defendant's track belonged to the defendant, or was on defendant's right of way; the rest of said platform belonging to the plaintiff. Defendant avers that the agent of the defendant warned the manager of the plaintiff, before the occurrence complained of, that it was dangerous for him to store cotton on the part of the uninclosed platform belonging to or on the right of way of the defendant, and that defendant would not be responsible for any damage thereto by fire. That in spite of such warning and such knowledge the manager or agent of said plaintiff placed cotton unguarded and unprotected on that part of said uninclosed platform belonging to or on the right of way of the defendant, close to defendant's track, and within, towit, five feet thereof, with knowledge that there was a high wind blowing in the direction of the warehouse from the track, and that the atmosphere was dry, and with knowledge that an engine or engines of defendant were passing up and down the said track in front of said warehouse, and permitted said cotton to remain there, under

the conditions as above set out ,a long space of time, and that fire was communicated from an engine of defendant to the cotton which was so placed by the said manager or agent of the said plaintiff on the uninclosed platform belonging to or on the right of way of the defendant, and that such conduct on the part of the plaintiff or its agents or servants was negligence, and provimately contributed to the damage and injury complained of. (c) Further answering each count of said complaint, defendant says: That the said plaintiff had an inclosed warehouse close to the track of· defendant, which warehouse was used for the purpose of storing cotton. That between said warehouse .and track of defendant, and connected with said warehouse, was an inclosed and covered platform belonging to defendant, or utilized by defendant, where cotton for shipment on defendant's railroad from said warehouse was received by the defendant, and which was a reasonably safe place for the storage of cotton. That on the east or north side of the said covered and inclosed platform and the said inclosed warehouse there was a platform which was uninclosed, running perpendicular to and at right angles with the track of the defendant, and up to within, towit, three feet of the track of defendant, which was ordinarily used by plaintiff for the purpose of receiving cotton from its customers, but not for storing the same. That, towit, 30 feet of said uninclosed platform nearest defendant's track belonged to or was on the right of way of defendant; the rest of said platform belonging to the plaintiff. That the said plaintiff had knowledge that it was dangerous to have cotton on said uninclosed platform, and that fire had been communicated to cotton placed there prior to the occurrences complained of, on several occasions, by passing engines of defendant, and that the agent of defendant prior to said time had warned the manager of

said plaintiff that it was dangerous to place cotton on such uninclosed platform, and that defendant would not be responsible for the burning of cotton so placed. Defendant says that, nevertheless, plaintiff, its agent or servants, with knowledge of the facts set out above, and with knowledge that the atmosphere was dry, on the date of said occurrences, and that a high wind was blowing from the direction of defendant's track to the warehouse of plaintiff, and despite of the warning of defendant's agent, placed cotton on said uninclosed platform up next to the track of defendant and on the right of way of defendant, to which fire was communicated by the engine of defendant, and defendant avers that by such conduct of the plaintiff, or its agent or servants, plaintiff voluntarily and knowingly assumed the risk. (d) Same as (b) down to and including the words "that it was dangerous for him to store cotton on the part of the uninclosed platform belonging to or on the right of way of defendant," and adds: That plaintiff had pipe or water hose in the building connected with the town waterworks, but failed to keep the same in good and fit condition, and allowed the same to become old and unfit for use, and that if it had kept its pipes or hose in good condition it could have prevented the fire without material loss. (e) Same as (b) down to the words quoted in plea (d), and adds the allegation: That if plaintiff had used the means in hand or had employed the bystanders or procured them to roll the bales of cotton about on the platform, or adopted other means of preventing the spread of the fire and to extinguish the blaze, it could have put out the fire without material loss, etc. To plea (a) plaintiffs filed the demurrers heretofore interposed to pleas (2) and (4), with the following addition: The facts averred in said plea, and on which the said charge of contributory negligence is based, show

that the plaintiff was not guilty of contributory negligence, but that in placing said cotton on said platform plaintiffs did only what it had a legal right to do. (2) The facts set up in said plea show simply the conditions that existed at said warehouse and on said platform at the time the same was destroyed through the negligence or negligent act of the defendant, its agent or servants. (3) Said plea fails to deny that said defendant knew of said cotton being on said platform, and wholly fails to deny that the defendant did not permit the plaintiff to place said cotton on said platform, or that said cotton did not remain thereon by consent of defendant. (4) It wholly fails to aver how or in what way the placing of said cotton on said platform proximately contributed to the injury complained of. (5) Because it sets up no negligent act committed by the plaintiff subsequent to the negligent act of the defendant set up in the complaint. The same grounds of demurrer were assigned to plea (b) as to pleas (2), (4), and (a), with the additional ground that the facts set up in said plea show simply a condition which would exonerate the defendant from fires occasioned without negligence on its part, but not from fires occasioned by the negligent act of defendant, its agent or servants. To plea (c) the same grounds as were assigned to (2), (4), (a), and (b), with the additional ground that the plea fails to show whether the said cotton so ignited was situated on the platform of defendant or the platform of plaintiff. To plea (d) the same grounds as are assigned to pleas (2), (4), (a), (b), and (c), and the additional ground that the plea seeks to impose upon the plaintiff the duty of anticipating thenegligence of the defendant, and of providing against such negligence, and because there was no duty resting on plaintiff to maintain or keep in efficient working order a waterworks system in its warehouse. To

plea (e) all the grounds assigned to pleas (2'), (4), (a), (b), (c), and (d), and because the plea shows that the manager of plaintiff attempted to extinguish said fire in good faith, and a mistake in judgment on his part as to the proper method to be pursued in extinguishing said fire constitutes no answer to the injury complained of, and because a mistake of judgment on the part of the manager in an honest effort to extinguish the fire does not constitute contributory negligence.

A. G. & E. D. SMITH, for appellant. The motion to dismiss should not be granted.—Section 452, Code 1896, is not mandatory but directory, and there is no conflict between it and rule 4 5of Supreme Court Practice. The appeal, therefore, should not be dismissed.—Sec. 472, Code 1896; *Pearsall v. McCartney,* 25 Ala. 461; *Collier v. Coggins,* 103 Ala. 281; *Street v. Street,* 113 Ala. 333; *Bir. R. & E. Co. v. Bir. T. Co.,* 122 Ala. 349. The certificate of the clerk shows that the transcript was not prepared and ready for filing on Monday, Dec. 31, 1906. The Court should not have overruled the demurrer to the first count of the complaint, as amended the last time, or as amended prior to the last time, or as originally filed. The count does not allege any *facts,* and the negligence is stated merely as the conclusion of the pleader.—Code, § 3285; *Phoenix Insurance Co. v. Moog,* 78 Ala. 301; *Ensley Ry. Co. v. Chewning,* 93 Ala. 26; 14 Ency., Pl. and Pr., 331: 333; *Snyder v. Wheeling Elec. Co.,* 43 W. Va. 661; *Clark v. R. R. Co.,* 39 W. Va. 732; *Poling v. R. R. Co.,* 38 W. Va. 645; *Meadows v. Meadows,* 73 Ala. 356; *R. R. Co. v. Lamb,* 124 Ala. 172; *Kennedy v. Morgan,* 57 Vermont, 46; *City Buffalo v. Holloway,* 7 N. Y. 493; *Angus v. Lee,* 40 Ill. App. 304. The Court should not have overruled the demurrer to the second count as amended the last time, or as

amended the last time, or as amended prior to the last time, or as originally filed.—See authorities cited under proposition I. The Court should not have sustained the demurrer to plea A, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior to the last time.—*L. & N. R. R. Co. v. Sullivan Timber Co.,* 138 Ala. 379; *L. & N. R. R. Co. v. Miller,* 109 Ala. 500; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237; *Post v. R. R. Co.,* 108 Pa. St. 585; *M. P. Ry. Co. v. Bartlett,* 69 Tex. 79; Same Case, 32 A. & E. Ry. Cases, 343; *R. R. Co. v. Simmons,* 54 Ill. 504; *Murphy v. R. R. Co.,* 45 Wis. 222; *Kesee v. R. R. Co.,* 30 Iowa, 78; *R. R. Co. v. Shanefelt,* 47 Ill. 497; *Coates v. Ry. Co.,* 61 Mo. 38; *R. & D. R. R. Co. v. Medley,* 75 Va. 499. The court should not have sustained the demurrer to plea B, as interposed to the complaint, as last amended, nor as interposed to the complaint as amended prior to the last time.—See authorities cited under proposition III. The court should not have sustained the demurrer to plea C, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior to the last time.—See authorities cited under proposition III. The court should not have sustained the demurrer to plea D, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior to the last time.—See authorities cited under proposition III. The court should not have sustained the demurrer to plea E, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior to the last time.—See authorities cited under proposition III. The court should not have sustained the demurrer to plea number 2, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior to the last time, nor as interposed to the complaint as originally filed.—

See authorities cited under proposition III. The court should not have sustained the demurrer to plea number 3, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior to the last time, nor as interposed to the complaint as originally filed.—See authorities cited under proposition III. The court should not have sustained the demurrer to plea number 4, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior thereto, nor as interposed to the complaint as originally filed.—See authorities cited under proposition III. The court should not have sustained the demurrer to plea number 5, as interposed to the complaint as last amended, nor as interposed to the complaint as amended prior thereto, nor as interposed to the complaint as originally filed.—See authorities cited under proposition III.

HARWOOD & McKINLEY, A. S. VAN DE GRAAF, J. D. McQUEEN, and DE GRAFFINRIED & EVINS, for appellee. Appellant failed to file the transcript within the time required by law, and the appeal should be dismissed on the motion.—Code 1896, sec .452; Code 1896, sec. 472; *Carleton v. Goodwin,* 41 Ala. 153; *United States v. Hayden,* 4 Porter, 393; *Sears v. Kirksey,* 81 Ala. 98; *Winthrow v. Woodward Iron Co.,* 81 Ala. 109; *Rhea v. Rhea,* 54 Ala. 68. The rule of practice allowing the transcript to be filed by twelve o'clock noon of the first day of the first week in which the case is subject to call, conflicts with the statute, and is void.—Code 1896, sec. 452; Code 1896, sec. 472; Code 1896, sec. 3286; Code 1896, sec. 864. The lower court properly overruled and denied the demurrer to the 1st count of the complaint.—*A. G. S. R. R. Co. v. Clark,* 136 Ala. 450; *L. & N. R. R. Co. v. Marbury,* 125 Ala. 237. The lower court also properly over-

17 R

ruled the demurrer to the second count of the complaint. —*A. G. S. R. R. Co. v. Clark*, 136 Ala. 453; *L. & N. R. R. Co. v. Marbury*, 125 Ala. 237 (261); *So. Ry. Co. v. Taylor*, 129 Ala. 238; *A. G. S. R. R. Co. v. Johnston*, 128 Ala. 283. The lower court properly sustained the demurrer to the second plea.—5 Enc. Plead. & Prac. 11; *K. C. M. & B. R. R. Co. v. Crocker*, 95 Ala. 412; *L. & N. R. R. Co. v. Marbury*, 125 Ala. 237 (261); *So. Ry. Co. v. Wilson*, 138 Ala. 510 (522). The lower court properly sustained the demurrer to the third plea.—*L. & N. R. R. Co. v. Marbury*, 125 Ala. 237 (261); *S. Ry. Co. v. Wilson*, 138 Ala. 510 (522). The lower court properly sustained the demurrer to the fourth plea.—*L. & N. R. R. Co. v. Marbury*, 125 Ala. 237; *So. Ry. Co. v. Wilson*, 138 Ala. 510; *Osborne v. Ala. Steel & Wire Co.*, 135 Ala. 575; *Tenn. Coal, etc. v. Herndon*, 100 Ala. 451; *Postal Tel. Co. v. Hulsey*, 115 Ala. 193. The lower court properly sustained the demurrer to the 5th plea. This plea is in substance the same as plea No. 4.—See authorities cited under proposition 4. The lower court properly sustained the demurrer to plea "A."—5 Enc. Plead. & Prac. 11; *K. C. M. & B. R. R. Co. v. Crocker*, 95 Ala. 412; *L. & N. R. R. Co. v. Marbury*, 125 Ala. 237; *So. Ry. Co. v. Wilson*, 138 Ala. 510; *M. & St. P. R. R. Co. v. Kellogg*, 94 U. S.. 469; *Boston Excelsior Co. v. B. & A. Ry. Co.*, 47 L. R. A. 82; *Grand Trunk v. Richardson*, 91 U. S. 454. The lower court properly sustained the demurrer to plea "B."—*L. & N. R. R. Co. v. Marbury*, 125 Ala. 237; *So. Ry. Co. v. Wilson*, 138 Ala. 510; *Grand Trunk v. Richardson*, 91 U. S. 454; *P. C. & St. L. R. Co. v. Noel*, 77 Ind. 110; *Boston Ex. Co. v. B. & A. Ry. Co.*, 47 L. R. A. 82 (86); *Kellogg v. C. & N. R. R. Co.*, 7 Am. Rep. 69 (76-78). The lower court properly sustained the demurrer to plea "C."—*So. Ry. Co. v. Wilson*, 138 Ala. 510 (522); *L. & N. R. R. Co. v. Marbury*, 125 Ala.

[A. G. S. Railroad Co. v. Planter's Warehouse & Com. Co.]

237; *Boston Ex. Co. v. B. & A. Ry. Co.,* 47 L. R. A. 82 (86); *Grand Trunk v. Richardson,* 91 U. S. 454. The lower court properly sustained the demurrer to plea "D."—*So. Ry. Co. v. Wilson,* 138 Ala. 510 (522); *L. & N. R. R. Co. v. Marbury,* 125 Ala. 237; *Lindsay v. Winona & St. P. R. Co.,* 43 Am. Rep. 228; *Kellogg v. C. & N. W. R. Co.,* 7 Am. Rep. 73-74; *Salmon v. Railroad Co.,* 38 N. J. Law. 5; 20 Am. Rep. 361. The lower court properly sustained the demurrer to plea "E."—*L. & N. R. R. Co. v. Marbury,* 123 Ala. 237; *So. Ry. Co. v. Wilson,* 138 Ala. 510 (522); *C. & St. L. R. Co. v. Noel,* 77 Ind. 110; *Grand Trunk v. Richardson,* 91 U. S. 454; *Kellogg v. C. & N. W. R. R. Co.,* 7 Am. Rep. 77-78; *Boston Ex. Co. v. B. & A. R. R. Co.,* 47 L. R. A. 82; *K. C. M. & B. v. Thornhill,* 141 Ala. 215 (231); *Woodward Iron Co. v. Andrews,* 114 Ala. 243; *L. & N. R. R. Co. v. Thornton,* 117 Ala. 274; *Osborne v. Ala. Steel & Wire Co.,* 135 Ala. 575; *Tenn. Coal Co. v. Herndon,* 100 Ala. 451; *Postal Tel. Co. v. Hulsey,* 115 Ala. 193. In addition to this, the defendant had the benefit of this defense, under plea "F."—*Springfield v. Hurley,* 41 So. Rep. 942; *Matthew v. Farrell,* 140 Ala. 308; *L. & N. R. R. Co. v. Hall,* 131 Ala. 161; *Ryan v. Young,* 41 So. Rep. 955. None of these pleas come up to the requirements of what was said by this court in *L. & N. R. R. Co. v. Sullivan,* 138 Ala. 379.—*L. & N. R. R. Co. v. Marbury,* 125 Ala. 237; *Snyder v. P. C. & St. L. R. Co.,* 11 W. Va. 14; *Kellogg v. C. N. & W. Ry. Co.,* 26 Wis. 223; *Jacksonville, T. & K. W. R. Co. v. Pen. L. T. M. M.,* 27 Fla. 1; *So. Ry. Co. v. Wilson,* 138 Ala. 510; *Salmon v. R. R. Co.,* 20 Am. Rep. 361; *Lindsay v. Winona & St. P. R. Co.,* 43 Am. Rep. 228.

SIMPSON, J.—A motion is made by the appellee to dismiss the appeal, on the ground that the transcript

was not filed in time. The appeal was taken December 5, 1906, and the transcript was filed on February 12, 1907, being the second day of the week, in which the cases from the Second Division were subject to call in this court. Our rule No. 45 (8 South. v) provides in such cases: "Unless the transcript is filed with the clerk of this court by twelve o'clock noon of the first day of the first week during which such case is subject to call in this court, it shall be within the power of this court to tax the appellant with all or any part of the costs of appeal"; and the rule goes on to state that the court may, in its discretion, dismiss the appeal on motion, or may decline to impose all or any of the penalties.

The insistence of appellee is that said rule of this court is in irreconcilable conflict with sections 452 and 472 of the Code of 1896, and that the result is that said rule is void and of no effect, so that, after the time fixed by statute for the filing of the transcript, the appeal is functus officio. Section 452, in so far as it applies to this appeal, provides that: "The transcript must be filed on or before the day to which the appeal is returnable." Section 472 merely provides that the appeal must not be treated as discontinued, "unless the appellee shall duly move for a discontinuance, after legal cause for discontinuance has occurred." It will be noticed that, while the statute fixes a day when the transcript must be filed, yet it does not prescribe any penalty, nor state what shall be the result of a failure to file it on the day named.

There can be but two ends to be accomplished by the filing of the transcript within a certain time. One is to enable this court to dispose of its business with dispatch and in an orderly manner, and the other to give to the appellee an opportunity to examine the transcript and

prepare his defense. These are matters which properly address themselves to the discretion of this court, and it was evidently so left by the law-making department of the state, in order that this court might further regulate the matter by its rules. This court might, without acting in contravention of the statute, have declared by its rules that the result of a failure to file the transcript in time would be only to entitle the appellee to a continuance of the case to the next call of the docket; but it took the wiser course of reserving to itself to exercise its discretion according to the circumstances of each case, and either tax the party with costs, dismiss the appeal, or make such order as the circumstances seem to demand. If the appellee shows the court that, by reason of the transcript not being filed at an earlier day, he has not the requisite time to examine it, the court will see that he is not prejudiced thereby; but, as the case cannot be considered until the week set for the hearing of that division, we do not think the appeal should be dismissed for not having been filed before.

The cases cited by counsel wherein a chasm had been created by a failure to file the transcript during the term stand upon a different basis. The motion to dismiss the appeal is overruled.

This was an action by appellee against the appellant for damages for the burning of the plaintiff's warehouse and contents, which it is claimed were burned as the result of defendant's negligence.

The first assignment of error insisted upon by the appellant is that the court erred in overruling the defendant's demurrer to the first count of the complaint. While the writer of this opinion is disposed to agree with the views expressed by Justice Tyson in his dissenting opinion in the *Marbury Lumber Co. Case*, yet this court has adhered to the ruling in that case on the

subject of necessary allegations of negligence in a complaint, and under said rulings the demurrer to the first count was properly overruled.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *A. G. S. R. R. Co. v. Clark*, 136 Ala. 450, 34 South. 917.

The demurrer to the second count was also properly overruled.—Authorities supra, and *A. G. S. R. R. Co. v. Taylor*, 129 Ala. 238, 29 South. 673; *A. G. S. R. R. Co. v. Johnston*, 128 Ala. 283, 29 South. 771. Thus far the court is unanimous.

As to the demurrers to pleas (a), (b), and (c), the majority of the court hold that the demurrers were properly sustained, with which opinion the writer differs, and expresses his views hereafter.

Nothing material to the other pleas is added by the pleas (d) and (e), as the plaintiff was not under any obligation to keep fire hose in the warehouse, nor could it be held liable for a mistake in judgment as to the best method of extinguishing the fire.

The demurrers to the second and third pleas were properly sustained.

The court also hold that the demurrers to pleas (4) and (5) were properly sustained, as they do not state facts showing what preventive methods the plaintiff had in its power to arrest the progress of the fire.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON, DOWDELL, ANDERSON, DENSON, and McCLELLAN, JJ., concur.

SIMPSON, J. (dissenting).—As to the demurrers to pleas (a), (b), and (c), the writer differs with the majority of the court, his views being as follows: While the decisions are not harmonious on the question of the

duty of a party with regard to his own premises adjoining a railroad, yet, according to the weight of authority, it may be stated as settled that a person owning and occupying land adjoining the railroad is authorized to use his property in any natural and proper way, and is not under any obligation to keep it clear of combustible material.—Beach on Contributory Negligence (3d Ed.) §§ 235-239; *L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 239, 28 South. 438, 50 L. R. A. 620; 2 Shearman & Redfield on Neg. (4th Ed.) §§ 680-682. This court, said in the *Marbury Lumber Case, supra*: "A plaintiff is not responsible for the mere condition of his premises lying along a railroad, but, in order to be held for contributory negligence, must have done some act or omitted some duty which is the proximate cause of his injury, concurring with the negligence of the company." —Page 263 of 125 Ala., page 445 of 28 South. But said plea (a) alleges that, while there was a covered and inclosed platform for the purpose of storing cotton, this cotton was placed on 30 feet of an uninclosed platform, belonging to the defendant, on its right of way, next to its track, which was not kept for storing cotton thereon; that it was not a place reasonably safe for the storage of cotton, but was a place where there was constant danger from sparks, etc., and that plaintiff "negligently failed to remove the same into the inclosed part of said warehouse within a reasonable time, and negligently allowed the same to remain on said platform, exposed to danger from ignition by fire from defendant's locomotive engine," etc., and the fire was communicated from said cotton to the warehouse, etc. "It has been held that the fact that the plaintiff placed his property on the defendant's right of way with the latter's consent does not constitute contributory negligence, but the burning of lumber placed on the property of a railroad company in

proximity to their track, without any permission, express or implied, gives the owner no right of action against the company."—13 Am. & Eng. Ency. Law (2d Ed.) pp. 487, 488. The Supreme Court of Pennsylvania held that one who built his fence on the right of way of a railroad company was guilty of contributory negligence, and could not recover for its being burned.— *R. R. Co. v. Yeiser,* 8 Penn. 366, 377 (at close of opinion.) In a later case that court held that one who placed his lumber partly on the ground hired for that purpose could not recover for its loss by fire occasioned by the negligence of the defendant. The lumber was placed there partly for drying. The court said: "Their piles extended partly over the defendant's right of way, and to this extent they were trespassers, as there is no evidence showing that defendants assented to or even knew of it."—*Post v. Railroad Co.,* 108 Penn. 585, 587. The Supreme Court of Texas, in a case where a party had piled cedar posts on the right of way for shipment, after a sufficient number had been accumulated, held that the party was not guilty of contributory negligence, because a custom was proved which amounted to acquiescence on the part of the railroad company.—*Gulf, C. & S. F. Ry. Co. v. McLean,* 74 Tex. 646, 12 S. W. 843; 3 Elliott on Railroads, § 1235. In our own court, where the pleas averred that the cotton was placed on defendant's platform within 20 feet of the track, and remained there three weeks, without any averments as to whether it was the proper place or otherwise, the court held the plea demurrable; the court saying: "The plaintiff was not bound to anticipate negligence on the part of defendant. In the absence of notice to him that the engine was in fact so constructed, equipped, and operated as to endanger the cotton, the mere placing and keeping of the cotton on the platform cannot be held, as a matter

of law, to have been negligent conduct on his part, or to have been negligent conduct on his part, or to have been the proximate cause of the loss."—*So. Ry. v. Wilson,* 138 Ala. 510, 522, 35 South. 561. It will be noticed that in the case just cited, from aught that appears in the plea, it may be that the platform was the usual, proper, and customary place of putting the cotton, and it is not alleged that it was a place of special danger, while in the case now under consideration it is alleged that it was a place of special danger, that it was not intended to be used in the manner in which it was, and that there was a safe place in which to place the cotton, and that the plaintiff negligently failed to remove it within a reasonable time.

In the light of the cases cited, plea (a) showed a legal defense, and the demurrer thereto should have been overruled.

Plea (m) was also good, and the demurrer thereto should have been overruled. Citations supra.

Plea (c), in addition to the allegations made in the preceding pleas, states also that, prior to the occurrences complained of, fire had been communicated to cotton placed there by passing engines, that plaintiff had knowledge of the same, and had been warned of the danger, and that, notwithstanding said knowledge and said warning, and notwithstanding a high wind was blowing from the direction of the track towards the warehouse, plaintiff placed its cotton in said exposed place, etc. It is not alleged whether said previous fires were caused by negligence or natural causes, yet, in either event, these allegations bring the plea within the principle laid down in *Lilley v. Fletcher,* 81 Ala. 234, 237, 1 South. 273, and *L. & N. R. R. Co. v. Sullivan Timber Co.,* 138 Ala. 379, 394-5, 35 South. 327. The demurrer to said plea (c) should have been overruled.

SUPREME COURT [Vol.

[Southern Railway Co. v. Coleman.]

Nothing material is added to the foregoing pleas by plea (d), as the plaintiff was not under any obligation to keep fire hose in the warehouse.

Nothing material is added by plea (e), as the plaintiff could not be held liable for a mistake of judgment as to the best method of extinguishing the fire.