[Tinney v. Central of Georgia Railway Co.]

# Tinney *v.* Central of Georgia Railway Co.

*Action against Railroad Company to recover Damages caused by Fire from Sparks from Locomotive.*

1. *Appeals; when rulings upon demurrer will not be reviewed.* When the rulings upon demurrers are only shown by a record entry, apparently copied from the bench notes of the the trial judge, that "defendant's demurrers to the first count of plaintiff's complaint are overruled, 'and defendant's demurrers to the second count of the complaint are sustained," such entry does not constitute a judgment upon the demurrers, and will not authorize a review of the rulings thereon by the Supreme Court on appeal.

2. *Action against railroad company to recover damages caused by fire, alleged to have resulted from sparks emitted from locomotive; when plaintiff not entitled to recover.*—In an action against a railroad company to recover damages resulting from fire, alleged to have been caused by sparks emitted from a locomotive running on the defendant's road, where in the complaint the plaintiff alleges that the defendant's train "was so carelessly and negligently operated that sparks of fire from the locomotive drawing said train set fire to and destroyed" the plaintiff's property, and that "by reason of said carelessness and negligence in operating its train the plaintiff has sustained" the damages claimed, but there is no averment in the complaint of any defect in the locomotive, or want of proper appliances on the locomotive to prevent the escape of sparks in dangerous quantities or of dangerous size, the plaintiff is not entitled to recover upon the bare proof that the fire which destroyed his property was caused by sparks emitted from a passing engine; and the giving of the general affirmative charge for the defendant upon such proof alone is free from error. (TYSON and SHARPE, JJ., *dissenting.*)

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JOHN PELHAM.

This was an action brought by the appellant against the Central of Georgia Railway Company to recover

damages for the destruction by fire of the plaintiff's saw mill and its equipments, which fire was alleged to have been caused by sparks emitted from a passing engine on the defendant's railroad. The complaint contained two counts. The first count is sufficiently stated in the opinion. The second count charged that there was lying near the saw mill of the plaintiff and upon the right of way of the defendant, some inflammable and combustible material; that the sparks from the engine passing on the defendant's road fell upon the combustible material igniting it; and that from this fire sparks were conveyed to the saw mill. Under the opinion on the present appeal it is unnecessary to set out the demurrers to the plaintiff's complaint.

On the trial of the cause the plaintiff introduced evidence tending to show that immediately after a train on the defendant's road had passed by the plaintiff's mill, the mill shed nearest the railroad track was discovered to be on fire, and that, being unable to extinguish this fire, the whole mill of the plaintiff was destroyed. This mill was not far removed from the defendant's track. This was substantially all the evidence introduced by the plaintiff as to the way the fire originated. The defendant introduced no evidence.

Upon the introduction of all the evidence for the plaintiff the court, at the request of the defendant, gave to the jury the following written charge: "If you believe the evidence in this case, you will find your verdict in favor of the defendant." The plaintiff duly excepted to the giving of this charge.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns, among other rulings of the trial court, the giving of the general affirmative charge for the defendant.

J. W. BUSH, for appellant, cited *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; *L. & N. R. R. Co. v. Reese*, 85 Ala. 501; *Railroad Co. v. Holt*, 11 Am. & Eng. R. R. Cases, 72; *Koontz v. R. R. Co.*, 43 *Ib.* 11; *L. & N. R. R. Co. v. Miller*, 109 Ala. 500.

[Tinney v. Central of Georgia Railway Co.]

JOHN LONDON, *contra.*—The plaintiff must show *first* not only that the fire might have originated, but that it did actually originate from sparks or cinders emitted by defendant's engine.—*Phila. & Read. Ry. v. Yerger,* 73 Pa. St. 121; *Ruffner v. C. H. & D. R. R.,* 34 O. St. 96. Plaintiff must next prove some positive act of negligence, or at least something from which it may be inferred; as the unusual size of the sparks, or the like. *Phila. & Read. Ry. v. Yerger,* 73 Pa. St. 121; *Ruffner v. C. H. & D. Ry.,* 34 O. St. 96; *McCummens v. C. & N. W. R. R.,* 33 Iowa 187; 13 Am. & Eng. R.R.Cases, 487.

Before any presumption of negligence arises, plaintiff must show that the fire originated from some affirmative act or omission on the part of the defendant. *L. & N. R. R. v. Malone,* 109 Ala. 509, 516; *Mo. Pac. R. R. v. Callen,* 13 L. R. A. 548; *J. T. & K. R. R. v. Peninsula Co.,* 17 L. R. A. 47.

The mere fact that sparks were emitted from an engine and a fire resulted therefrom does not show negligence.—*L. & N. R. R. v. Malone,* 109 Ala. 509.

Burden is on plaintiff to make out *prima facie* case, and the defendant is only required to meet that case. *L. & N. R. R. v. Reese,* 85 Ala. 502; *Mo. Pac. R. R. v. Callen,* 13 L. R. A. 548.

McCLELLAN, C. J.—The complaint contains two counts. Defendant, the railway company, demurred to each count. We are apprised of the trial court's action on these demurrers only by the following memorandum in the transcript, apparently copied from the bench notes of the trial judge: "March 30th, 1899. Defendant's demurrers to 1st count of plaintiff's complaint are overruled, and defendant's demurrers to 2nd count of complaint are sustained." This is not a judgment on the demurrers, and will not support assignment of error.—*Blankenship v. Owens,* 27 So. Rep. 974, and cases there cited.

The case was tried on the first count of the complaint, and the evidence as to the point at which the fire originated or started, viz., on the roof of plaintiff's sawmill, demonstrates that plaintiff could not have proved

the case laid in the second count, which charged that the fire was first communicated to combustible material on the ground and thence to her property.

The first count charges that fire was communicated from a passing engine of defendant to plaintiff's property and destroyed it, the precise averments being: * * * "defendant's train of cars was passing along on or about its usual schedule time, and was so carelessly and negligently operated that sparks of fire from the locomotive drawing said train set fire to and destroyed the following property * * *; and plaintiff avers that by reason of said carelessness and negligence in operating its said train the plaintiff has sustained the aforesaid damages," etc., etc. There is no averment of any defect in the locomotive or any want of proper appliances to prevent the escape of sparks in dangerous quantities or of dangerous size, but only that the sparks which ignited the property escaped in consequence of the negligent operation of the train as it passed along on the occasion of the fire. On this state of pleading, it may be conceded, without impugning the trial court's action in giving the affirmative charge for the defendant, that there was evidence before the jury tending to show that the property was ignited by sparks from the engine, and consequently that the jury would have been authorized to so find. Such conclusion—the fact that the fire was caused by such sparks—would have raised a *prima facie* presumption of negligence on the part of the defendant *either* in the operation of its train *or* in the equipment and condition of its engine; and in the absence of exculpatory evidence on the part of the defendant—evidence showing the proper handling of the train and the proper equipment of the engine and thus rebutting the *prima facie* presumption—the plaintiff would have been entitled to recover had she charged both negligent operation of the train and improper equipment of the engine in her complaint.— *Louisville & Nashville Railroad Co. v. Marbury Lumber Co.*, 125 Ala. 237. But this result does not follow where the plaintiff relies solely upon one of these causes to the exclusion of the other. The *prima facie* presump-

tion goes to both, or rather each alternatively. The effect of proof of destruction by sparks emitted by an engine is to say to the defendant you have either negligently operated your engine or the engine you operated was negligenly equipped; and is not to say positively and affirmatively either that there was negligent handling, or that there was negligent equipment, but only one or the other. So that in this case on the evidence there arose what may be called alternate presumptions, one of want of due care in running the engine, the other of want of due care in providing it with spark arresters; and the jury could have reached no other conclusion, finding that sparks communicated the fire, than the sparks were emitted either in consequence of careless management of the train, or because of the improper equipment of the engine. Whether it was the one or the other would have been a matter of the purest speculation. Neither the jury nor the court would have any data to go upon or the least warrant to the conclusion that the fire resulted from one of these causes rather than the other, nor could either affirm on the evidence adduced below, or entertain any belief, that the loss complained of was due to the cause alleged—negligent operation of the train—rather than to the other cause involved in the presumption but not alleged—the negligent condition or equipment of the engine. And for the court to direct a verdict, or to allow the jury to base a verdict, for the plaintiff under this complaint on the evidence upon which this case was tried, would be to adjudge the rights and liabilities of the parties upon the wildest conjecture in favor of one of two possible causes of the alleged loss—the one laid in the complaint—and against the other—the one not counted on at all—when each is equally, alternately, and only supported by a *prima facie* presumption raised by the law involving no affirmation nor basis for conclusion that one rather than the other was the cause of the disaster. Assuming, therefore, that the evidence showed that the property was burned by sparks from the engine, and accommodating the *prima facie* presumption that these sparks were emitted because of improper operation of the train or want of proper

condition or equipment of the engine, plaintiff's case as laid in her complaint was still not made out; and the court properly gave the affirmative charge for the defendant.

Affirmed.

TYSON and SHARPE, JJ., dissenting.