# Southern Railway Co. *v.* Johnson.

*Action against Railroad Company to recover Damages caused by Fire and Sparks emitted from Engine.*

1. *Action against railroad company to recover damages by fire alleged to have been caused by sparks emitted from engine; prima facie case; burden of proof.*—In an action against a railroad company to recover damages resulting from a fire alleged to have been caused by the negligent escape of sparks

[Southern Railway Co. v. Johnson.]

from a locomotive operated by the defendant, where it is shown that about 40 minutes after the passing of one of defendant's trains, the fire which caused the injuries complained of was discovered in close proximity to the track, and that about 15 minutes before said train passed there was n age cy on the premises to which the origin of the fire could be attributed, and that said train was going up grade at the point where the fire was discovered. from such facts the jury may conclude that the fire originated as alleged in the complaint; and such evidence making out a *prima facie* case, the burden is cast upon the defendant of showing a proper handling of the train, and a proper equipment of the engine.

APPEAL from City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This action was brought by the appellee, W. P. Johnson, against the Southern Railway Company to recover damages sustained by the plaintiff's property being destroyed by fire, which fire, as was alleged in the complaint, was caused by sparks being emitted from a passing engine operated by the defendant, through the negligence of the defendant. The averments of the complaint and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of the plaintiff's evidence, the defendant moved to exclude all of such evidence upon the ground that it was irrelevant and immaterial, and failed to make out a case for the plaintiff. This motion was overruled, and the defendant duly excepted.

The defendant requested the court to give the jury the general affirmative charge in its behalf, and duly excepted to the court's refusal to give said charge as asked.

There were verdict and judgment for the plaintiff. Thereupon the defendant made a motion for a new trial but it is not necessary to set out the grounds for the motion. The defendant appeals and assigns as error the overruling of the court of the defendant's motion to exclude all of the plaintiff's evidence, the refusal of the court to give the general affirmative charge in favor of the defendant, and the overruling of the defendant's motion for a new trial.

[Southern Railway Co. v. Johnson.]

James Weatherly & J. F. Stokely, for appellants. The motion to exclude should have been sustained.— *Gulf City Const. Co. v. L. & N. R. R. Co.*, 121 Ala. 621; *Talladega Insurance Co. v. Peacock, Admr.*, 67 Ala. 253.

Defendant was entitled to the affirmative charge.— *R. R. Co. v. Malone*, 20 So. 438; *R. R. Co. v. Marbury L. Co.*, 28 So. 438; *R. R. Co. v. Taylor*, 29 So. 673; R. R. Co. v. Johnston, 29 So. 771.

A. O. Lane, *contra.*—The evidence introduced by the plaintiff made out a *prima facie* case.

In actions of this kind the communication of fire to the property of another by an engine by the defendant railway company, is, when nothing appears to the contrary, presumed to have been the result of negligence on the part of the defendant.—*Tinney v. Cent. of Ga. Ry Co.*, 129 Ala. 523; *L. & N. Ry. Co. v. Marbury Lumber Co.*, 125 Ala. 237; *Ala. Gr. So. Ry. v. Taylor*, 129 Ala. 245. See also *A. G. S. Ry. Co. v. Johnson*, 29 So. 771; *L. & N. R. R. Co. v. Reese*, 85 Ala. 502.

TYSON, J.—All the counts of the complaint except the third allege the origin of the fire to have been by the emission of sparks from a passing engine operated by defendant. The evidence relied upon to prove its origin, as alleged in the counts, was circumstantial. And if it afforded a reasonable inference upon which the jury could have predicated a determinaton that the fire originated by means of sparks thrown by defendant's engines, then the motion to exclude was properly overruled and the affirmative instruction requested by defendant was properly refused.

The facts proven were these: That in about forty minutes after the passing of one of defendant's trains the fire was discovered in close proximity to the track, and that about fifteen minutes before this train passed, there was no agency on the premises to which the origin of the fire could be attributed. The train was traversing an up grade at the point where the fire was discovered. From these facts we think the jury may fairly conclude that the fire originated, as alleged, nor do we think that

37

it can be affirmed as matter of law that their probative force was entirely destroyed or emasculated, so as to take the case from the jury by a statement of a witness that at another and different place, he saw no sparks being emitted by the engines as they passed, especially in view of the tendency of the testimony that it was daylight when he saw the engines.

The evidence being sufficient to authorize the jury to conclude that the fire originated as alleged, such conclusion would cast the burden upon defendant of showing a proper handling of the train and a proper equipment of the engines.—*Tinney v. Cent. Ry. of Ga.*, 129 Ala. 523; *L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237.

The motion for a new trial is not insisted upon.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J. J., concurring.