# Louisville & Nashville R. R. Co. *v.* Frazier.

## *Setting Out Fire.*

### (Decided November 4, 1915.  70 South. 90.)

1. *Pleading; Complaint; Demurrer.*—Although the rule of construction is that on demurrer a complaint is construed most strongly against the pleader, yet after verdict and judgment, every legitimate inference that can be brought to bear upon the allegations of the complaint should be allowed.

2. *Railroads; Setting Out Fire; Complaint.*—A complaint averring that while defendant was operating one of its trains, sparks from the engine fell on the roof of the house in which plaintiff lived, causing it to catch on fire and burning the property of plaintiff, after verdict, must be considered as stating a good cause of action, although it was open to objection that it failed to show whether the plaintiff relied on defective equipment or negligent operation.

3. *Same; Negligence.*—Where the proof was uncontradicted that a house was burned by sparks emitted from a passing engine, this was sufficient to show negligence.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by W. H. Frazier against the Louisville & Nashville Railroad Company, for damages caused by fire. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts of 1911. Affirmed.

The first count claims of defendant the sum of $260 damages for the destruction by fire on April 9, 1913, of "the following property, to wit: [Here follows description.]"

The second count is as follows: "Plaintiff claims of defendant the sum of $260, for that, whereas, on the 9th day of April, 1913, while defendant was operating one of its trains on its road through the town of Samson, Ala., the sparks from said engine fell on the roof of the house in which plaintiff lived, thereby causing said

house to catch on fire and burn the household and kitchen furniture and other property in said house belonging to plaintiff, all of the value as aforesaid."

There seems to have been no plea other than the general issue, and no demurrers of any description. The charge referred to in the opinion is as follows: "The court charges the jury that, in order to show negligence on the part of the defendant, the proof must go further than showing the emission of sparks on this occasion."

W. O. MULKEY, for appellant.

M. H. MIXON, for appellee.

SAYRE, J.—(1, 2) This appeal asserts the proposition that the defendant was due the general charge for that the complaint stated no cause of action. Treating the complaint as appellant has treated it, i. e., as containing two counts, we have no doubt that the second count did invoke the court's power to adjudicate a subject-matter within its jurisdiction, and that the judgment must stand. The plaintiff's manner of stating his cause of action was objectionable and defective. Defendant was entitled to be informed whether plaintiff claimed damages on the ground that its engine was defectively constructed and equipped, or on the ground that it was negligently operated. On demurrer the complaint would have been most strongly construed against the pleader; but in the consideration of the general charge, or to meet later objections for omissions, taken after verdict and judgment, the complaint must be allowed the benefit of every legitimate intendment or inference that can be brought to bear upon the allegations made, and any averment to be so implied must be considered to have been in fact made.—1 Black on Judg., § 100; *Goodman v. Winter*, 64 Ala. 410, 38 Am. Rep. 13.

[Louisville & Nashville R. R. Co. v. Frazier.]

Appellant in brief relies upon *Tinney v. Central of Ga. Ry. Co.,* 129 Ala. 523, 30 South. 623. We find in that case no reason for reversing the judgment in this. We need not restate that case or the opinion which speaks with conclusive lucidity for itself. In the present case, while the complaint, on which defendant took issue without objection, does not positively and affirmatively allege plaintiff's damage to have been caused by either the defective equipment or the negligent management of defendant's engine, it must be considered to have alleged inferentially both in the alternative so that there is no room for the application of the doctrine of *Tinney v. Central of Ga. Ry. Co.,* nor any ground for apprehension that the jury may have returned a verdict for plaintiff on proof of a cause of action different from that alleged in the complaint.

(3) Appellee offered evidence to show that his house and its contents had been burned by fire, started by sparks from appellant's locomotive. There was no evidence in rebuttal. In this state of the proof, the complaint being construed as indicated above, there was no error in refusing the charge which we have marked as number two on the margin of the record.—*L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Southern Ry. Co. v. Johnson,* 141 Ala. 575, 37 South. 919.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and THOMAS, JJ., concur.