(81 South. 857)

MANISTEE & R. R. CO. v. RUMBLEY. (1 Div. 260.)

(Court of Appeals of Alabama. April 15, 1919.)

CARRIERS ⬛136—INJURIES BY FIRE—ACTION —AFFIRMATIVE CHARGE.

In suit for damages for loss by fire of wood awaiting shipment along defendant's railroad, the court erred in refusing a general affirmative charge requested by defendant, where plaintiff failed to prove his allegations that defendant promised him cars to transport the wood, and that relying thereupon he placed such wood along the tracks.

Appeal from Circuit Court, Monroe County; A. B. Foster, Judge.

Action by Ted Rumbley against the Manistee & Repton Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

J. D. Ratcliffe and Barnett, Bugg & Lee, all of Monroeville, for appellant.
C. L. Hybart, of Monroeville, for appellee.

BRICKEN, J. This was an action by the appellee against the appellant to recover damages for the negligent destruction by fire of wood which appellee had placed on appellant's right of way for shipment to Pensacola, Fla. The complaint, among other matters, alleges the following:

"That on, to wit, 10 days prior to the time said pine stumps and lightwood was placed along said railroad, he requested the defendant to secure him the necessary cars to ship the same to its destination, which the defendant promised to do; that, in pursuance to said promise, plaintiff hauled said pine stumps and lightwood to the shipping point on said railroad," etc.

There was no evidence introduced to prove either of the above allegations, nor any from which the jury might infer the truth of said allegations. The plaintiff, therefore, failed to make out a prima facie case, and the general affirmative charge requested by the defendant should have been given. The court

erred in refusing to give said charge. The judgment is reversed, and the cause remanded, because of said error.

From reading the oral charge, it is clear that the court was under the impression that evidence had been introduced tending to prove these allegations; but, after carefully reading the entire evidence in the record, we fail to find any such evidence.

We find no other error in the record.

Reversed and remanded.