(84 South. 556)

HAYES v. ATLANTA, B. & A. RY. CO.

(7 Div. 594.)

(Court of Appeals of Alabama. Nov. 11, 1919.)

1. RAILROADS &#8658;440—PROOF THAT DEFENDANT OPERATED TRAINS OVER ROAD AT TIME OF ALLEGED INJURY TO ANIMAL IS ESSENTIAL.

In an action for injuries to an animal by the negligent operation of cars, proof that defendant operated trains over the railroad at the time of alleged injury is essential to recovery, and failure to prove the same entitles defendant to the affirmative charge.

2. RAILROADS &#8658;440—PLEA OF GENERAL ISSUE CAST BURDEN ON PLAINTIFF TO PROVE OPERATION OF TRAIN.

In an action for injuries to an animal, hurt by train, plea of the general issue cast burden on plaintiff of proving defendant operated trains, etc., as alleged.

3. APPEAL AND ERROR &#8658;1047(1)—RULINGS ON EVIDENCE, NOT AFFECTING RESULT, HARMLESS, THOUGH ERRONEOUS.

Where defendant was entitled to the general charge, erroneous rulings on testimony are harmless, as they would not have affected the result.

Appeal from Circuit Court, Shelby County; Robert I. Jones, Judge.

Action by W. A. Hayes against the Atlanta, Birmingham & Atlantic Railway Company for damages for killing a mule. Judgment for defendant, and plaintiff appealed. Affirmed.

W. L. Acuff, of Columbiana, for appellant.

Court erred in directing a verdict for the defendant. 10 Ala. App. 308, 65 South. 97; 201 Ala. 336, 77 South. 998; 196 Ala. 136, 72 South. 68; 69 South. 591; 77 South. 421; 197 Ala. 454, 73 South. 14; 200 Ala. 73, 75 South. 401.

Leeper, Haynes & Wallace, of Columbiana, for appellee.

There was no proof that the defendant operated a train over the railroad on the day alleged, or any other day, and for this reason the verdict was properly directed for the defendant. 114 Ala. 311, 21 South. 465; 64 Ala. 263; 201 Ala. 422, 78 South. 800; 100 Ala. 326, 13 South. 948, 46 Am. St. Rep. 56; 114 Ala. 131, 21 South. 827.

BRICKEN, J. Action for damages against appellee by appellant for injury to appellant's mule. The complaint consisted of one count as follows:

"The plaintiff claims of defendant the sum of $300 as damages, for that on, to wit, the 6th day of September, 1917, and some time prior thereto, the defendant was operating a railroad in Shelby county, Alabama, and using thereon locomotives, engines, or cars; that on; to wit, said date, defendant negligently ran one of its engines, cars, or locomotives upon, against, or over a mule belonging to plaintiff; as a proximate consequence thereof, plaintiff's said mule was bruised and mashed about his legs, head, and other parts of the body, and was thereby permanently disabled, to the damage of the plaintiff in the sum of $300."

[1, 2] Appellee, defendant in the court below, pleaded the general issue, which cast upon plaintiff the burden of proving the material allegations of his complaint; and, upon the theory that plaintiff failed to make

this proof, the court below, at the request of the defendant, gave the general affirmative charge. In this there was no error. A careful examination of all the testimony shows that there was no proof offered to show that—.

"Some time prior thereto the defendant was operating a railroad in Shelby county, Alabama, and using thereon locomotives, engines or cars; that on, to wit, said date, defendant negligently ran one of its engines, cars, or locomotives upon, against, or over a mule."

There was no proof at all offered to show that defendants were operating trains over the railroad at the time of the alleged injury; nor was there any evidence from which the jury might infer the truth of these allegations. The above-quoted provisions were material allegations in the complaint, and failure to prove same, or to offer evidence from which the truth of the allegations might be inferred, entitled the defendant to the affirmative charge. Manistee & Repton R. R. Co. v. Rumbley, 81 South. 857; [1] Mobile Light & R. R. Co. v. Roberts, 192 Ala. 486, 68 South. 815; Tinney v. Central of Ga. Ry. Co., 129 Ala. 523, 30 South. 623; McGhee et al., Receivers, v. Cashin, 130 Ala. 561, 30 South. 367.

[3] As the defendant was entitled to the affirmative charge, it is not necessary to review the rulings complained of as to the testimony. Even if there had been error in the court's rulings upon the admission of testimony, in the absence of proof of the above pointed out material allegations of the complaint, or of some evidence from which the truth of these allegations could be inferred, such rulings upon the testimony would not have changed the result, and the defendant would have been entitled to the affirmative charge.

The judgment of the circuit court is affirmed.

Affirmed.