(133 So. 905)

## LOUISVILLE & N. R. CO. v. SMITH.

### 2 Div. 978.

Supreme Court of Alabama.

April 16, 1931.

Steiner, Crum & Weil, of Montgomery, and Bonner & Miller, of Camden, for appellant.

**FOSTER, J.**

■ In many cases we have held that, if the causes of action are distinct, each must be stated in a separate count. But, when the cause of action is single, complaining, for instance, of one certain result of negligent conduct, the separate negligent acts may be stated in the alternative, provided each alternative is sufficient and is alleged to have proximately produced that result. Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543; Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399; Miller v. Mutual Gro. Co., 214 Ala. 62, 106 So. 396; Donaldson v. Foreman, 213 Ala. 232, 104 So. 406; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Galloway v. Perkins, 198 Ala. 658, 73 So. 956; Alabama Great So. R. R. Co. v. Davenport, 195 Ala. 368, 70 So. 674; Sloss-Sheffield S. & I. Co. v. Dobbs, 187 Ala. 452,' 65 So. 360; 49 Corpus Juris, 97, note 73.

■ No different rule is asserted in Louisville & Nashville R. R. Co. v. Frazier, 194 Ala. 331, 70 So. 90. There the court alleged that the fire was caused by sparks from an engine, but did not allege that they were caused by improper equipment or negligent operation. There was no demurrer. The court held that the complaint stated a cause of action, but that, if apt demurrer had been interposed, the count was defective in failing to allege whether it was the one cause or the other. But it is entirely consistent with the rules of pleading, as our court has stated them, to have alleged that it was caused by the one means or the other. The complaint in this case is in that form, and, in our judgment, was not subject to demurrer on that account.

■ We think the inquiry made on cross-examination of defendant's witness which called for his residence prior to that now maintained by him was not unduly prejudicial, and the circumstances did not indicate any impropriety. If not material, it was not prejudicial, and was largely discretionary with the court.

■ We are also impressed that appellant was not due the general charge. The circumstances of the fire and the connection of the operation of the train with it were of a nature often held by this court to be sufficient for submission to the jury to determine

as an inference of fact whether the fire originated from sparks emitted by the engine on defendant's track. Southern Ry. Co. v. Johnson, 141 Ala. 575, 37 So. 919; Alabama G. S. R. R. Co. v. Davenport, 195 Ala. 368, 70 So. 674; Deason v. A. G. S. R. Co., 186 Ala. 100, 65 So. 172; Pettus v. L. & N. R. R. Co., 214 Ala. 187, 106 So. 807.

The witnesses for defendant testified that the engine was very old, not used on a regular run, but to take the place of the regular engine while it was being repaired; that it was properly constructed and equipped, and operated with ordinary care by a skillful engineer. If there were nothing to create an inference in conflict with that evidence, defendant would be due the affirmative charge. But all those witnesses also testified that, if sparks from the engine set off this fire, it was sure proof that something was wrong with it, or the operation of it. If, therefore, the jury found from the evidence that the fire was in fact caused by sparks from that engine, that finding being based on sufficient evidence, it follows that out of the mouths of the witnesses who say the engine was properly constructed, equipped, and operated comes evidence having a tendency to impeach the value of their statements as to such equipment and operation, leaving the issue one of fact for the jury. Southern Ry. Co. v. Ross, 215 Ala. 293, 110 So. 369.

We find no error to reversal, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.