# Alabama G. S. R. R. Co. *v.* Davenport & Co.

### Setting Out Fire.

#### (Decided January 20, 1916. · 70 South. 674.)

1. **Railroads; Fires; Burden of Proof.**—Where a fire broke out soon after the passage of a locomotive, the burden was on defendant railroad to establish to the reasonable satisfaction of the jury that its engine was properly constructed, equipped and operated, and in proper condition, and not merely the burden of going forward with the evidence.

2. **Same.**—In sustaining such a burden, it is not sufficient to show that the locomotive was properly equipped and operated, but it must be shown that it was properly constructed since equipment is distinct from and does not include construction.

3. **Pleading; Alternative Averment.**—The fact that plaintiff alleged that defendant negligently caused or allowed the injury to plaintiff's property, does not render the complaint bad, if it otherwise states a cause of action.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

E. T. Davenport & Company sued the Alabama Great Southern Railroad Co. for damages for setting out fire. Judgment for defendant, which, upon motion was set aside, and plaintiff granted a new trial, and defendant brings this appeal. Affirmed.

GOODHUE & BRINDLEY, and J. T. PRIDE, JR., for appellant. BONDURANT & SMITH, and G. B. MURRAY, for appellee.

SOMERVILLE, J.—On the trial in the court below the plaintiff's evidence had some tendency to show, however weak the conclusion must have been, that sparks from a particular locomotive operated by the defendant set fire to his storehouse, about 110 or 120 feet from the track, and caused its destruction. Several of plaintiff's witnesses testified that when the engine, with its train, passed the vicinity of the storehouse, it emitted sparks unusual in size and quantity.

The defendant's evidence showed that the engine in question was properly constructed, properly equipped with a spark arrester of standard design, and properly operated, on this occasion. It also tended very strongly to show that the fire could not have originated from sparks thrown on the roof or on the outside of the building.

The trial judge instructed the jury at defendant's request as follows: "The court charges the jury that unless the jury is reasonably satisfied from the evidence that engine No. 188 of the defendant was not properly equipped with all such safety appliances as are in use on well regulated railroads, or that engine No. 188 was negligently operated on the night of the fire, the jury is not authorized to find a verdict in favor of the plaintiffs, although the jury may be convinced that the fire was caused by sparks from one of defendant's engines."

There was verdict and judgment for defendant, but on motion of plaintiffs the trial judge granted a new trial, on the ground that the foregoing charge was erroneous in that it improperly place the burden of proof as to the defective equipment and negligent operation of the engine on plaintiffs, and also that it did not hypothesize the proper condition of the engine. Paraphrasing the charge, it clearly declares that: "Although the engine set the fire, the plaintiffs cannot recover, unless they affirmatively show to the jury that the engine was not properly equipped or not properly operated."

Plaintiffs' insistence is that, with respect to the burden of proof, a correct statement would be that: "Although the engine set the fire, the plaintiffs cannot recover if the defendant shows to the jury that the engine was properly equipped and properly operated."

The legal presumption of the defendant's negligence with respect to the construction, equipment, repair, or operation of its engine when it has set fire to property in the vicinity of the railroad; the duty thus cast on the defendant to show the proper construction, equipment, repair, and operation of its engine; and, when the defendant shows all of these, the further burden thereby cast upon the plaintiffs to offer some actual evidence in negation of such proof by the defendant—all of these rules and principles have been discussed, and stated, and elaborated over and over again in opinions emanating from this court.—*L. & N. R. R. Co. v. Reese*, 85 Ala. 500, 5 South. 283, 7 Am. St. Rep. 66; *L. & N. R. R. Co. v. Marbury Lbr. Co.*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620, qualifying *L. & N. R. R. Co. v. Malone*, 109 Ala. 509, 20 South. 33; *A. G. S. R. R. Co. v. Johnston*, 128 Ala. 283, 296, 29 South. 771; *Tinney v. C. of Ga. Ry. Co.*, 129 Ala. 523, 30 South. 623; *A. G. S. R. R. Co. v. Taylor*, 129 Ala. 238,

29 South. 673; *L. & N. R. R. Co. v. Marbury Lbr. Co.*, 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917; *So. Ry. Co. v. Johnson*, 141 Ala. 575, 37 South. 919; *A. G. S. R. R. Co. v. Sanders*, 145 Ala. 449, 40 South. 402; *Sherrill v. L. & N. R. R. Co.*, 148 Ala. 1, 44 South. 153; *Farley v. M. & O. R. R. Co.*, 149 Ala. 557, 42 South. 747; *L. & N. R. R. Co. v. Sherrill*, 152 Ala. 213, 44 South. 631; *So. Ry. Co. v. Darwin*, 156 Ala. 311, 47 South. 314, 130 Am. St. Rep. 94; *Horton v. L. & N. R. R. Co.*, 161 Ala. 107, 49 South. 423; *Sullivan Timber Co. v. L. & N. R. R. Co.*, 163 Ala. 125, 50 South. 941; *Miller-Brent Lbr. Co. v. Douglas*, 167 Ala. 286, 52 South. 414; *A. G. S. R. R. Co. v. De Moville*, 167 Ala. 292, 308, 52 South. 406; *McCrary v. A. G. S. R. R, Co.*, 182 Ala. 597, 62 South. 18 (pars. 8-13); *Coffman v. L. & N. R. R. Co.*, 184 Ala. 474, 63 South. 527; *T. V. R. R. Co. v. Howard*, 185 Ala. 612, 64 South. 339; *L. & N. R. R. Co. v. Stanley*, 186 Ala. 95, 65 South. 39; *Deason v. A. G. S. R. R. Co.*, 186 Ala. 100, 65 South. 172; *So. Ry. Co. v. Slade*, 192 Ala. 568, 68 South. 867.

(1) A verbal analysis and review of the language used in all these cases would not justify the time and space it demands. Suffice it to say that, a few loose expressions to the contrary notwithstanding, an overwhelming weight of opinion supports the view that the burden which its causation of these fires casts upon a railroad company is not merely the burden of going forward with the evidence—i. e., of introducing some evidence having a tendency to rebut the initial presumption, condition, and operation of its engine—but is, in fact, the burden of showing to the reasonable satisfaction of the jury the proper construction, equipment, condition, and operation of its engine. This is the burden of the affirmative proof which, when once imposed, remains upon the defendant as to this particular issue of fact, throughout the the trial. When the defendant meets this burden of proof—the initial evidence showing no more than mere causation of the fire by defendant—then the burden of going forward with the evidence is imposed upon the plaintiff, and he keeps the case before the jury only by introducing some evidence in negation of the defendant's showing.

But this additional evidence will suffice for a recovery by plaintiff if it leaves the minds of the jury without that reasonable conviction which it was the defendant's duty to create with respect to the particular issue stated.

[Alabama G. S. R. R. Co. v. Davenport & Co.]

We are not inadvertent to the distinction, so ably presented by counsel for appellant, between the absolute burden of proving an issue and the mere temporary burden of going forward with the evidence where a prima facie conclusion develops at any stage against one of the parties. But the burden imposed on a railroad in these cases is more than a duty merely to cloud or balance a logical inference of fact created by the plaintiff's evidence. It must, on principles of public policy and fairness, assume the burden of proving the matters specified, because its servants have peculiar knowledge with respect thereto—knowledge which is either wholly inaccessible to other persons, or can be obtained only with great trouble and expense.—L. & N. R. R. Co. v. Reese, 85 Ala. 502, 5 South. 283, 7 Am. St. Rep. 66.

Of course this burden of proof is confined to the particular conditions to which the presumption points. It does not extend to the whole case, and require the defendant to satisfy the jury that it has not been guilty of any negligence at all. Nor is such a burden with respect to any particular issue of fact, inconsistent with the general rule that, upon the whole case, the plaintiff must establish his charge of negligence; for the fact is that when the plaintiff proves the defendant's causation of the fire by sparks from its engine, he has established the negligence of the defendant in certain particulars, but in those particulars only.

The defendant's burden, within these limits, is strictly analogous to the statutory burden of proof imposed on a railroad when its cars are shown to have injured any person or property. —Code 1907, § 5476; N. C. & St. L. R. R. Co. v. Hembree, 85 Ala. 481, 484, 5 South. 173; E. T. R. R. Co. v. Bayliss, 74 Ala. 150; S. & N. R. R. Co. v. Williams, 65 Ala. 174.

The charge given to the jury, as above quoted, misplaced the burden of proof; and, being reversible error, its giving was a sufficient ground for setting aside the verdict and granting a new trial.

(2) It must be noted also that this charge was bad, apart from its misplacement of the burden of proof, in that it ignored the matter of the proper construction of the engine, in connection with its equipment and operation. "Construction" and "equipment" are separate and distinct features, and the one does not embrace the other.—Sherrill v. L. & N. R. R. Co., 148 Ala. 1, 8, 44 South. 153.

(3) Counsel for appellant suggest that the complaint—which charges that the defendant "negligently caused or allowed the injury to the plaintiff's property by a fire communicated from or by the locomotive"—does not state a cause of action. This form of averment has, however, been held good even against special demurrer.—*L. & N. R. R. Co. v. Smith,* 163 Ala. 141, 149, 50 South. 241.

The judgment granting a new trial cannot be pronounced erroneous, and it will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.