(92 South. 246)

WILSON BROS. v. MOBILE & O. R. CO.
(5 Div. 802.)

(Supreme Court of Alabama. Dec. 22, 1921. Rehearing Denied Jan. 19, 1922.)

1. Appeal and error ⚯➙1058(2)—Refusal to admit competent testimony made harmless by admission of similar evidence.

In an action for damages against a railroad for causing fire by sparks from engine, the error, if any, in refusal to admit evidence as to whether the engine was emitting more or less sparks than usual trains was rendered harmless by subsequent testimony of same witness that sparks were of unusual size and amount.

2. Evidence ⚯➙558(6)—Sustaining objections to hypothetical questions not based on evidence on cross-examination held not error.

Hypothetical questions should be based on evidence or tendency of evidence in the case, and, when they are not, the court will not be put in error when objections to such questions, even in cross-examination, are sustained.

3. Trial ⚯➙41(5)—Admission of evidence of experts present in courtroom against exclusion order not error.

Where rule required all witnesses to remain out of the courtroom during the examination of witnesses, and six expert witnesses who knew nothing of the facts in issue for the defendant were in the courtroom and heard the witnesses for plaintiff testify, and subsequently were permitted to testify, *held* that, where the record does not show any fact indicating an abuse of the discretion of the court and any injury to the plaintiffs, the court's ruling was not error.

4. Witnesses ⚯➙379(4)—Assessment sheet admissible to contradict owner's testimony as to value of buildings destroyed by fire.

Where, in an action for damages against a railroad for the burning of buildings caused by sparks from a passing engine, one of plaintiffs testified as to the value of buildings, an assessment sheet showing the assessed valuation of the buildings and sworn to by him was admissible as tending to contradict his direct testimony.

5. Evidence ⚯➙358—Map showing location of buildings destroyed by fire with reference to railroad track held admissible.

In an action against a railroad for the burning of buildings caused by a spark from a passing engine, a map shown to be a correct copy of the surveyor's map on record of the land on which the burned buildings had been located and the location of the property burned, with reference to a railroad track of defendant

<hr>

⚯➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

being identified by witnesses on the map as being correct, was admissible.

**6. Evidence** ⬅➡353(2)—**Deeds conveying property upon which buildings burned by railroad located held admissible.**

In an action against a railroad for damages for burning of buildings caused by a spark from a passing engine, a deed describing certain lands and stating that the ginhouse and machinery were reserved, when properly executed, acknowledged, and recorded, is admissible in evidence for the purpose of identifying the property described in the assessment sheet.

**7. Railroads** ⬅➡480(2)—**Instructions held erroneous as misplacing burden of proof of negligent fire.**

In an action for damages by fire caused by sparks from a passing locomotive, charges to the effect that plaintiff could not recover unless the jury found that the sparks were due to the negligent operation, equipment, or construction of defendant's locomotive *held* erroneous as misplacing the burden of proof; the correct rule being that, when plaintiff proves ownership of property, its value, and its destruction by fire from sparks from a passing engine, a prima facie case of negligence is made out, entitling him to recover, unless defendant shows to the reasonable satisfaction of the jury that it was not guilty of negligence.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by Wilson Bros. against the Mobile & Ohio Railroad Company for damages for destruction of property by fire. Judgment for the defendant, and plaintiffs appeal. Reversed and remanded.

Hill, Hill, Whiting & Thomas, of Montgomery, and Grady Reynolds, of Clanton, for appellants.

The court erred in the charges given for the defendant. 195 Ala. 368, 70 South. 674; 182 Ala. 577, 62 South. 199; 85 Ala. 502, 5 South. 283, 7 Am. St. Rep. 66; 109 Ala. 509, 20 South. 33; 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; 196 Ala. 683, 72 South. 311; 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73; 141 Ala. 575, 37 South. 919; 194 Ala. 331, 70 South. 90; 158 Ala. 470, 48 South. 546. It is competent to show that this engine was throwing out more or less sparks than the usual train. 152 Ala. 215, 44 South. 631. The tax assessment sheet was not competent. 88 South. 355; 106 Ala. 301, 17 South. 537; 89 Ala. 304, 7 South. 762, 18 Am. St. Rep. 119. The deeds were not competent of it. 14 Ala. App. 187, 68 South. 801; 14 Ala. App. 194, 68 South. 1015; 12 Ala. App. 265, 68 South. 500.

Steiner, Crum & Weil, of Montgomery, and F. Loyd Tate, of Wetumpka, for appellee.

The charges are proper statements of the law and did not misplace the burden of proof. 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; 195 Ala. 37, 70 South. 678; 85 Ala. 502, 5 South. 283, 7 Am. St. Rep. 66; 182 Ala. 597, 62 South. 18; 202 Ala. 520, 81 South. 22; 165 Ala. 417, 51 South. 871, 138 Am. St. Rep. 73; 158 Ala. 476, 48 South. 546; 167 Ala. 287, 52 South. 414. The evidence as to sparks sought a comparison and was properly denied. 202 Ala. 219, 80 South. 41; 191 Ala. 555, 68 South. 30, Ann. Cas. 1916C, 1097. The assessment sheet was competent to contradict the value of the property as sworn to by Wilson. 136 La. 1000, 68 South. 105; 89 Ala. 304, 7 South. 762, 18 Am. St. Rep. 119; 106 Ala. 310, 17 South. 395. There was no error on the other rulings on the evidence.

MILLER, J.     J. P. and F. D. Wilson, partners under the firm name of Wilson Bros., sue the Mobile & Ohio Railroad Company for damages, averring that defendant negligently set fire to and destroyed, by sparks from its engine, a warehouse, millhouse, shop, and lot of hay, the property of plaintiffs.

The defendant pleaded the general issue. The jury found the issue in favor of the defendant. There was judgment thereon by the court, and from this the plaintiffs appeal.

The evidence of the plaintiffs tended to prove that the property described in the complaint belonged to them and its value, and that it was destroyed by fire caused by large sparks, of unusual size and in unusual quantities, from the engine of the defendant. The fire was observed shortly after the engine passed this property, which was located near defendant's track.

The defendant's evidence tended to prove that the fire was not discovered and the property burned until from one to two hours after the engine passed; that it was very dry; the engine was properly constructed, equipped, managed, and operated with proper spark arresters used on well-regulated railroads.

[1] There was evidence indicating, if the sparks were as large as shown by testimony of witnesses of the appellants, then the engine or its spark arresters would have to be defective to throw them out. Oscar Turner, a witness for the plaintiffs, testified that he was a railroad section man when this property was burned. He noticed sparks from this train falling all round him when it was a short distance from this property of plaintiffs. They were large sparks. It was a freight train. He had observed other trains passing this place at other times and about the time of this accident, and knew what sparks they usually threw out at this place. Then the court would not permit plaintiffs to ask witness this question, when it was objected to by defendant: "Was this throwing out more or less than the usual trains?" The

witness was competent to testify. This called for whether the sparks thrown out by this engine were more or less than those thrown out usually by engines passing this same place. If the engine in question was throwing out more sparks or larger quantities of sparks as it passed this place than other engines of defendant as they passed this place, under like conditions, this would give legitimate evidence for an inference that the engine in question was either defective or unskillfully operated, and tend to show negligence in the construction or operation of the engine. It is not clear from the evidence that the conditions were similar or the same as to the different engines. The conditions should be shown to be similar. If the court erred in not allowing the witness to answer the question, which we do not decide (L. & N. R. R. Co. v. Sherrill, 152 Ala. 213, 44 South. 631), then the error was without injury, as the witness afterwards testified that "these sparks were of unusual size and of an unusual amount," meaning, of course, larger in size and more in quantity than was usually thrown out by other engines of defendant passing that place (L. & N. R. R. Co. v. Davis, 200 Ala. 219, 75 South. 977).

[2] There was no evidence tending to prove that the size of the spark arrester was two feet or less in diameter. The evidence showed it was about four feet in diameter in this engine. Hypothetical questions should be based on evidence or the tendency of evidence in the case. When they are not, the court will not be put in error when the objections to such questions, even on cross-examination, are sustained. The court did not err in sustaining objections to these questions propounded connectedly to the expert witness on cross-examination in regard to the size of the spark arresters:

"Suppose you made it too small, what would be the result? If it was only two feet, what would be the result?"

See Barfield v. South Highlands Infirmary, 191 Ala. 553, head note 19, 68 South. 30, Ann. Cas. 1916C, 1097.

[3] The rule was invoked requiring all of the witnesses to remain out of the courtroom during the examination of the witnesses. Without the knowledge and consent of defendant or its attorney six of the witnesses for defendant were in the courtroom and heard the witness of plaintiffs testify. They were expert witnesses; knew nothing of the actual facts of the fire or its occurrence or of the property burned. They were permitted, over objections of plaintiffs, to testify. This rested in the sound discretion of the trial court. The record does not show any fact indicating an abuse of that discretion to the injury of plaintiffs; and, as we see from the record that no circumstance indicating

plaintiffs' cause was prejudiced thereby, we therefore find no error in the court's ruling.

[4] The testimony of J. P. Wilson, one of the plaintiffs, placed the value of the buildings burned in June, 1920, at about $1,200 or $1,500. The court allowed defendant, over objection of plaintiffs, to introduce in evidence the assessment sheet of plaintiffs made out by J. P. Wilson in January, 1920, showing assessed value of all the buildings, including the burned buildings, at $240, which was 60 per cent. of $400. The testimony of this witness tends to prove that he fixed or participated and concurred in fixing the value of all of the buildings therein. He said in speaking of the assessment sheet:

"That the assessment sheet introduced in evidence covered just the storehouse and barn and millhouse, and he supposed that it was assessed at $240, as 60 per cent. of the assessed value, and that was the way he gave them in; that it was his best judgment that he swore to it; that that was his signature, and that was his best judgment as to the value, and that it was correct."

This tends to show that he fixed the value of all the buildings, including the burned buildings, at $400, or certainly participated and concurred therein; it tends to contradict his evidence as to the value of the buildings on direct examination; and for these reasons the court did not err in allowing it to be introduced in evidence. This tax sheet declaration as to the value of all the buildings, including the burned buildings, when made by a plaintiff under oath or made by the tax adjuster, with his approval, concurrence, and participation, is admissible as a declaration or admission by him, a party to the suit, and to contradict his testimony in chief as to value; but it is not conclusive; it is simply a circumstance to be considered by the jury with all the other evidence in reaching a correct conclusion as to the real value of the buildings burned. Birmingham Min. R. Co. v. Smith, 89 Ala. 305, 7 South. 634; Pratt Cons. Coal Co. v. Morton, 14 Ala. App. 194, 68 South. 1015, headnote 10.

[5] There was evidence tending to prove that the map in evidence was a correct copy of the surveyor's map on record of the land on which these burned buildings had been located; and the location of the property burned in connection with the railroad track and right of way of defendant was identified by witnesses on the map as being correct, and the court did not err in permitting it to be introduced in evidence.

[6] The deed of W. J. Murse and wife to J. P. Wilson was introduced in evidence over objection of plaintiffs. This deed conveys certain lots described on said map—copy of which was introduced in evidence—recorded in the probate office of Chilton county, and which lots are described in the assessment sheet. The deed of A. F. Mims and wife to

J. H. Anderson was introduced in evidence also over objection of plaintiff. It describes and conveys 20 acres of land, and says, "The ginhouse and machinery is reserved by W. F. Mims," and then refers to the deed which reserves title to the ginhouse property. Each deed was properly executed, acknowledged, and recorded. The deeds were offered by defendant, and the court limited the introduction of them to be considered by the jury "only for the purpose of identifying the property described in the assessment sheet and limited them to that purpose."

It appears from the evidence that the buildings burned were located on the property described in the deeds. They evidenced the title to or ownership of the burned buildings, as well as identified the property in the tax assessment sheet of plaintiffs. The plaintiffs averred they owned the buildings that were burned. The burden was on them to prove it. These two deeds were evidence of transfer of title to the lots and land on which the buildings were located, and were also evidence of ownership of and claims of title to the houses, and were therefore competent evidence as to ownership of the buildings on the land or lots as well as to identify them in the tax assessment sheet as the property of plaintiffs. The said tax assessment sheet in evidence made out under oath by one of the plaintiffs refers in the description of the property to one of the deeds, and the other deed refers to the surveyor's map of record, copy of which is in evidence. This renders all of them relevant to identify and locate the property on which the buildings were erected and as tending to show ownership of the houses.

[7] These written charges, 5, 7, 13, D, and H, were asked by defendant and given by the court:

"(5) The court charges the jury that there can be no recovery against the defendant, Mobile & Ohio Railroad, unless you are reasonably satisfied from the evidence that the fire complained of resulted from the negligence of some agent, servant, or employé of the said Mobile & Ohio Railroad, while acting within the line and scope of his employment, and the burden of proving such negligence is upon the plaintiff in this case."

"(7) The court charges the jury that, even though they find from the evidence that the fire complained of was communicated to the property of plaintiff from the engine or locomotive of defendant, they will find for the defendant unless they further find from the evidence that such fire was negligently communicated."

"(13) The court charges the jury that, even though they find from the evidence that the property of plaintiff was burned, this of itself fastens no liability upon the defendant, and even though they find from the evidence, or are reasonably satisfied from the evidence, that sparks from defendant's engine caused the fire, even then they will find for the defendant unless they further find from the evidence that such sparks were due to the negligent operation, equipment, or construction of defendant's locomotive or engine."

"(D) The court charges the jury that, even though they find from the evidence that the locomotive of the defendant, or one of them, emitted sparks, and that the sparks from defendant's locomotive or locomotives caused the damages complained of, still they will return a verdict for the defendant, unless they further find from the evidence that said sparks were emitted through the negligence [negligent] operation, equipment, or construction of defendant's said locomotives."

"(H) The court charges the jury that, even though you believe from the evidence that sparks from the defendant's locomotive set fire to plaintiff's property, still this will not make defendant liable in damages unless you further find from the evidence that said sparks were emitted because of the negligence of the defendant in the construction, operation, or equipment of its said locomotive or one of them."

Do they misplace the burden of proof? Do they each state correctly or incorrectly the burden of proof applicable to the testimony and law of this case? This court has clearly and concisely stated the principles of law on the burden of proof that governs and controls the giving or refusing of those charges in the following cases; A. G. S. R. R. Co. v. Davenport, 195 Ala. 368, 70 South. 674; L. & N. R. R. Co. v. Reese, 85 Ala. 502, 5 South. 283, 7 Am. St. Rep. 66; A. G. S. R. R. Co. v. Loveman Compress Co., 196 Ala. 683, 72 South. 311.

When the evidence of plaintiffs reasonably proves their ownership of the property, its value, its destruction by fire from sparks from the engine of defendant while engaged in its business, and when it was being operated by its servants or agents, while in the line of their employment, this would make out a prima facie case of negligence against the defendant; and, if no testimony was offered by the defendant, then the plaintiffs would be entitled to recover. When this prima facie case is made out by plaintiffs, they would be entitled to recover, unless the defendant then by evidence shows to the reasonable satisfaction of the jury the proper construction, equipment, condition, and operation of its engine at the time the spark or sparks are thrown from its smokestack that caused the alleged fire that destroyed the property; and, if defendant fails to so reasonably satisfy the jury from its evidence, the plaintiffs would still be entitled to recover. If, however, the defendant did by the evidence so reasonably satisfy the jury as to the proper construction, equipment, condition, and operation of its engine, this would overcome the prima facie case of negligence against defendant made out by plaintiffs, and the defendant would then be entitled to a verdict, unless the plaintiffs then by evidence

reasonably satisfied the jury that actual negligence or want of care by defendant, its servants or agents, caused the fire that destroyed the property.

The reasons for this rule are given in the cases cited. It is not necessary to repeat them here. The facts necessary for each party to prove are also clearly stated in the authorities cited. We need not mention that here.

Each of these charges given the jury misplaced the burden of proof. Neither charge gave it correctly to them. None of them measure up to the rule. These charges place the burden of proof heavier on the plaintiffs than the rule permits. The court erred in giving each of them. The errors are reversible. A. G. S. R. R. Co. v. Davenport, 195 Ala. 368, 70 South. 674; A. G. S. v. Loveman Compress Co., 196 Ala. 683, 72 South. 311; Southern Ry. Co. v. Johnson, 141 Ala. 575, 37 South. 91.

The judgment is reversed, and the case remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.