(110 So. 369)
## SOUTHERN RY. CO. v. ROSS et al.
(8 Div. 798.)

(Supreme Court of Alabama. Oct. 28, 1926. Rehearing Denied Nov. 26, 1926.)

**1. Railroads ⬅478(6)—Count held to sufficiently aver that negligence of railroad's servants caused fire.**

Count alleging that railroad, its servants, agents, or employees, while acting within scope of employment, negligently set fire to and damaged certain lumber, *held* to sufficiently aver that damage proximately resulted from defendant's negligence.

**2. Railroads ⬅478(6)—Count held to show railroad's negligence caused fire communicated by sparks from locomotive.**

Count charging that lumber was damaged or destroyed by fire, communicated to it by sparks from locomotive operated by defendant railroad through negligence of defendant, its servants or agents, *held* to allege that damages proximately resulted from defendant's negligence.

**3. Railroads ⬅478(6)—Count held to charge that fire proximately resulted from railroad's negligence in allowing combustibles to accumulate.**

Count charging that plaintiff's lumber was burned by fire communicated to it from railroad right of way, which fire was caught by negligence of railroad in allowing combustible matter to accumulate, *held* to sufficiently allege that damage proximately resulted from railroad's negligence.

**4. Railroads ⬅481(2)—Evidence of similar fires along railroad held admissible.**

In action against railroad for loss of lumber piled on right of way by fire, testimony that witnesses had seen other fires at about same time and place *held* competent, in view of other evidence.

<hr>

**5. Railroads ⬤═484(1)—Whether burned lumber was stacked on railroad's right of way for shipment held for jury.**

In action against railroad for burning of lumber stacked on right of way, whether lumber was stacked there for shipment on defendant's trains *held* for jury.

**6. Railroads ⬤═484(4)—Negligence of railroad operating engines causing fire held for jury.**

In action against railroad for burning of lumber stacked on right of way, whether defendant negligently operated engines or was negligent in failing to have them properly equipped *held* for jury.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Action by W. T. Ross and others against the Southern Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

A. H. Carmichael, of Tuscumbia, and Stokely, Scrivner, Dominick & Smith and Andrew J. Thomas, all of Birmingham, for appellant.

The burden was upon the plaintiffs to show that their property was rightfully upon the defendant's right of way. If they were trespassers in placing the property there, they cannot recover for its destruction. A. G. S. v. Demoville, 167 Ala. 292, 52 So. 406; 3 Elliott on R. R. § 1235; St. L., I. M. & S. v. Cooper & Ross, 120 Ark. 595, 180 S. W. 203; Spring Garden Ins. Co. v. I. & G. N. (Tex. Civ. App.) 131 S. W. 1147. Where plaintiff's prima facie case is rebutted by evidence showing freedom from negligence on the part of defendant in construction and equipment of its locomotive, or condition of its right of way, it is then incumbent upon plaintiff to show actual negligence or want of care on the part of defendant or its servants. Wilson Bros. v. M. & O., 207 Ala. 171, 92 So. 246; Southern R. Co. v. Slade, 192 Ala. 568, 68 So. 867; A. G. S. v. Davenport, 195 Ala. 368, 70 So. 674; L. & N. v. Marbury, 125 Ala. 262, 28 So. 438, 50 L. R. A. 620; L. & N. v. Stanley, 186 Ala. 95, 65 So. 39; Farley v. M. & O., 149 Ala. 557, 42 So. 747. Evidence of the condition of other engines or the existence of other fires was irrelevant. A. G. S. v. Johnston, 128 Ala. 283, 29 So. 771; Douglass v. C. of G., 201 Ala. 395, 78 So. 457; Farley v. M. & O., 149 Ala. 557, 42 So. 747; Southern R. Co. v. Stonewall Ins. Co., 177 Ala. 327, 58 So. 313, Ann. Cas. 1915A, 987. The complaint should have contained the averment that the loss was proximately caused by defendant's negligence. Auxford Brown Ore Co. v. Hudson, 16 Ala. App. 245, 77 So. 243.

Andrews, Peach & Almon, of Sheffield, and Kirk & Rather, of Tuscumbia, for appellees.

Each of the counts of the complaint contained the necessary allegations, and were not subject to demurrer. L. & N. v. Miller, 109 Ala. 505, 19 So. 989; A. G. S. v. Loveman, 196 Ala. 684, 72 So. 311; A. G. S. v. Planters, 153 Ala. 244, 45 So. 82; A. G. S. v. Stewart, 15 Ala. App. 466, 73 So. 827; Southern R. Co. v. Dickens, 161 Ala. 144, 49 So. 766; Southern R. Co. v. Kendall, 14 Ala. App. 242, 69 So. 328; R. & D. v. Medley, 75 Va. 499, 40 Am. Rep. 734; Southern R. Co. v. Johnson, 141 Ala. 575, 37 So. 919. Evidence that other fires originated from defendant's engines under like conditions, at or about the same time as the fire in question, was competent. A. G. S. v. Johnston, 128 Ala. 283, 29 So. 771; Southern R. Co. v. Stonewall Ins. Co., 177 Ala. 327, 58 So. 313, Ann. Cas. 1915A, 987. The court did not err in refusing the affirmative charge for defendant. It is common knowledge that lumber stacked near a depot, along the right of way, at a spur track, is for the purpose of shipment A. G. S. v. Planters, 153 Ala. 263, 45 So. 82; Southern R. Co. v. Wilson, 138 Ala. 510, 35 So. 561; Grand Trunk v. Richardson, 91 U. S. 454, 23 L. Ed. 356. There was also evidence from which the jury might draw an inference contrary to the testimony of defendant's witnesses with respect to the equipment and management of its engines. A. G. S. v. Taylor, 129 Ala. 246, 29 So. 673; L. & N. v. Sherrill, 152 Ala. 213, 44 So. 631; L. & N. v. Smith, 163 Ala. 141, 50 So. 241; L. & N. v. Miller, supra; A. G. S. v. Demoville, supra; Deason v. A. G. S., 186 Ala. 100, 65 So. 172.

MILLER, J. This is an action by W. T. Ross and others, late partners under the name of Ross & Nagle Lumber Company, against the Southern Railway Company, a corporation, to recover damages for the destruction by fire of certain pine lumber, piled on its right of way near or at Chisca Station, about 20 or 30 feet from the switch track. The jury returned a verdict in favor of the plaintiffs. This appeal is by the defendant from a judgment thereon by the court.

There are three counts in the complaint as amended. Demurrers to each were overruled by the court. The defendant insists that each count is defective in so far as it fails to show "that the alleged damages proximately resulted from the negligence of defendant's servants, agents, or employees."

[1] Count 1 charges:

"The defendant, its servants, agents or employees, while acting within the line or scope of their employment, negligently set fire to and damaged or destroyed certain lumber to the amount of 137,334 feet more or less."

This sufficiently avers the damage "proximately" resulted from the negligence of defendant, its servants, etc. This count is sub-

stantially the same as count 2 in Alabama Great Southern Railroad Co. v. Loveman, 196 Ala. 684, 72 So. 311, which was practically approved in the opinion as stating a cause of action.

[2] Count 2 of this complaint alleges:

"Which said lumber was damaged or destroyed by fire communicated to it by sparks emitted from the engine or locomotive operated by the defendant; and plaintiff alleges that said fire was communicated from said engine or locomotive to said lumber through the negligence of the defendant, its servants or agents and destroyed or damaged said lumber to the great damage of plaintiff in the sum of $2,000 as aforesaid."

These averments clearly show the damages claimed "proximately" resulted from the negligence of the defendant, its servants, etc. And this count 2 follows substantially count 2 in Alabama Great Southern Railroad Co. v. Planters, in 153 Ala. 242, headnote 3, page 262, 45 So. 82. See, also, Alabama Great Southern Railroad Co. v. Taylor, 129 Ala. 238, 29 So. 673.

[3] Count 3 contains the following averments:

"That on, to wit, the 2d day of July, 1921, certain pine lumber belonging to the plaintiffs at Chisca, Ala., was burned by reason of a fire communicated to it from the right of way of said defendant, and the plaintiffs allege that said fire was caught by negligence of the defendant, in that it negligently allowed dry grass and combustible matter to accumulate on its said right of way, to which fire was communicated from the engine of said defendant company, and thence to plaintiffs' property, destroying it, to the damage of plaintiffs as aforesaid."

This sufficiently shows the damage claimed "proximately" resulted from the negligence of defendant, its servants, etc. This count is sufficient under authority of Southern Railway Co. v. Dickens, 161 Ala. 144, headnote 4, 49 So. 766. See, also, L. & N. R. Co. v. Miller, 109 Ala. 505, headnote 1, 19 So. 989.

So we must and do hold the court did not err in overruling the mentioned ground of demurrer to each count No. 1, 2, and 3 of the complaint. The defendant pleaded the general issue.

[4] Plaintiffs asked Cochran, one of their witnesses, this question:

"Had you at that time or near that time seen other fires near this place and about this same time along the right of way of the Southern Railway Company?"

He answered, "Yes, sir." And on cross-examination, he testified:

"I said I saw other fires at different times; let's see, just a short time before that I saw a fire. It must not have been a year. It was not as long as a year I know. I could not say exactly, it must have been more than a month. I do not think really it was a month since we had put a fire out in front of the house that had caught from a train in passing. The fire started from the grass which was not green. I reckon this was in June."

Plaintiffs asked Geise, one of their witnesses, this question:

"At this place and about this time did you notice other fires along the right of way of defendant's track which had been set out by trains?"

He answered:

"I know that the trains caught the grass on fire all up and down the track along there near the same place."

This witness, on cross-examination, stated:

"I just could not tell you how long before that fire since I had seen another fire. I have seen them a good deal. I was apt to see them most any time. That is a frequent thing along there for the railroad to set the grass on fire in the summer and fall. I do not know how long it was before the Ross Nagle fire that I had seen another fire. I do not know whether it was the same year or not. The weather was dry at the time I saw the fire along there."

Plaintiffs asked Rutland, their witness, a similar question, and he stated:

"I have seen fires along there at different times, but just exactly when or how before I could not say; * * * somewhere along there about that time."

On cross-examination the witness said:

"I saw another fire than the Ross fire within a year of the Ross fire. It was during that summer. I do not know the other fires were set out by trains; I could not say for sure."

The defendant objected separately to each of the foregoing questions, and moved to exclude all of the answers separately. The court overruled the objections to the questions and the motions to exclude the answers, and the defendant duly excepted to each ruling of the court. These rulings of the court are assigned separately by appellant, and each is insisted on in brief, but they are treated together by appellant, as it states:

"Since they present so nearly the same legal proposition, for the sake of brevity, we deem it advisable to treat them together."

It appears from the evidence that three engines of the defendant passed that station, Chisca, that night, between 8 and 10 o'clock—all before the fire was discovered and within sufficient time to have set out the fire. Under the evidence it was uncertain, not definite and direct, whether the fire that caused the destruction of the lumber came from the engine of the freight train, local, passenger train, or the fast Memphis special of defendant, which passed there between those hours, or whether the fire came from some other source. There was positive testimony that sparks were thrown from one of these engines, as it passed this lumber, which were large enough to be seen for a quarter of a mile, the witness seeing

them being that far from them. And there was evidence that one of these engines stopped near this lumber, and, "as it started off, it was throwing sparks." There was other testimony that an "engine as it passed was throwing out sparks." One witness for plaintiff, an engineer on one of these engines, testified:

"If the engine is in good condition it won't throw sparks."

He also stated:

"If the engine is in good condition and spark arrester is in good condition and firebox is in good condition and spark arrester is in good condition, then the sparks cannot come out of there. There might be some light or reflection."

Mr. Locke, witness for the defendant, stated:

"The engine that I am talking about, equipped as it was, I did not see how it could have thrown sparks large enough for others to have seen them about a quarter of a mile from the road. If an engine is in proper shape, properly equipped with reference to spark arrester and firebox, it is not possible for it to ignite sparks or to let out fire in such amounts as to set a fire out. If it did throw any sparks in such amounts as to set fire that would indicate that it was not in good shape."

There was evidence that the grass and weeds, at this time and place where this lumber was stacked and burned, on the right of way, had been previously cut and was piled up, some near and some on the ends of the lumber, and it was very dry; and there was evidence to the contrary—that before the fire the grass and weeds had been cut and removed from the right of way.

Under this evidence and the state of the testimony, it was proper for the court to permit plaintiff to make the foregoing proof. It was competent testimony and comes within the rule stated in cases of Alabama Great Southern Railway Co. v. Johnston, 128 Ala. 283, 29 So. 771; Douglass v. Central of Georgia, 201 Ala. 395, 78 So. 457, and Southern Railway Co. v. Stonewall Ins. Co., 177 Ala. 327, 58 So. 313, Ann. Cas. 1915A, 987.

The court, in its general oral charge to the jury, submitted all three of the counts to the jury under the evidence and issues for their consideration, and, at the request of the defendant, gave this written charge to the jury, lettered A:

"Even though you should find from the evidence that sparks from the engines caused the fire which burned the lumber, still you cannot find for the plaintiff unless the plaintiff reasonably satisfied you that the defendant either negligently operated its engines, or was negligent in failing to have its engines properly equipped."

The defendant then requested the court to give this written charge to the jury:

"If the jury believe the evidence they will find for the defendant."

[5] The court refused that charge, and defendant insists that this was error, because counts 1 and 2 allege "the lumber was stacked for shipment" on the right of way of the defendant, and that plaintiff, by stacking the lumber on its right of way, was a trespasser, and claims there was no evidence that it was stacked there to be shipped by the trains of the defendant, and that the lumber was not rightfully there; and under the rule declared in Alabama Great Southern Railway Co. v. Demoville, 167 Ala. 292, 52 So. 406, it would not be liable for its negligent destruction by fire.

The plaintiffs were residents of the state of Mississippi. They were engaged in the lumber business and were purchasing lumber. They bought this lumber from the mill men near this small station, on this railroad of the defendant. They had it hauled from the mills to this station, and stacked it on the right of way of the defendant 20 or 30 feet from the side track. They had "bought a carload of pine lumber at Chisca and had stacked it on the right of the Southern Railway Company, on the north side of the track and east of the station." This was the lumber partly destroyed by this fire.

From this evidence, the jury could properly and with reason infer that the lumber was placed there by the plaintiff to be shipped in a car of the defendants. They had a "carload of lumber" there. It was near the side track. It was stacked. It was a small station. It had been hauled there from the different mills near there, from which it had been purchased. The jury could with reason infer that the lumber was rightfully there to be loaded in a car to be shipped, with the express or implied consent of the defendant. Southern Railway v. Wilson, 138 Ala. 510, 35 So. 561; Alabama Great Southern Ry. Co. v. Planters' Warehouse & Com. Co., 153 Ala. 264, 45 So. 82; Alabama Great Southern Ry. Co. v. Demoville, 167 Ala. 292, 52 So. 406.

[6] The defendant insists that this general affirmative charge should have been given because there was no evidence to establish that the defendant either negligently operated its engines or was negligent in failing to have its engines properly equipped. The plaintiffs, by their evidence, made out a prima facie case of liability against the defendant. It introduced evidence tending to show they owned this lumber; a carload of it was hauled and placed on the right of way near a side track and stacked to be shipped on the train of the defendant; its value; its destruction from sparks from the engine of the defendant while engaged in its business and while being operated by its servants while in the line of their employment. This testimony made out a prima facie case of negligence and liability against the defendant. Wilson

Bros. v. M. & O. R. Co., 207 Ala. 171, 92 So. 246; Alabama Great Southern Railway Co. v. Davenport, 195 Ala. 368, 70 So. 674.

The defendant did not, by its evidence, overcome this prima facie case, presented to the jury by the plaintiffs, sufficiently to entitle it to that general affirmative charge. There was positive proof, as heretofore shown by plaintiffs' witnesses, that sparks did come out of the engine, as it passed this lumber, which could be and were seen for a quarter of a mile. Witnesses for the defendant testified that the engines passing this station and lumber that night were properly constructed, equipped, and were properly conditioned and operated; but one of their witnesses testified, as hereinbefore quoted, that if the engine was in good condition and spark arrester in good condition, etc., "then the sparks cannot come out of there." Some of defendant's witnesses also testified:

"If the engine is in good condition it won't throw sparks." "If the engine is kept in the right kind of order fire will not drop out of it; that is, not enough to set anything on fire. * * * If it throws any the sparks are so small you *cannot see them*." "If a locomotive is properly equipped with spark arrester and if the ash pan is in good condition it will not throw sparks or coals large enough to set out fire. If they did put out fire, this would indicate that there was a defect somewhere."

This, and other testimony mentioned herein, made a clear conflict in the evidence as to whether the engines passing that night were properly constructed, equipped and conditioned; and the court did not err in refusing to give that general charge in favor of the defendant. McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 So. 135; Wilson Bros. v. N. & O. R. Co., 207 Ala. 171, 92 So. 246; Southern Railway Co. v. Slade, 192 Ala. 568, 68 So. 867; Alabama Great Southern Railroad Co. v. Davenport, 195 Ala. 368, 70 So. 674.

The record is free from error, and the judgment is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.