(116 So. 796)

### BESSEMER FEED MILLS v. ALABAMA GREAT SOUTHERN R. CO.
### (6 Div. 921.)

Supreme Court of Alabama.   Jan. 28, 1928.

Rehearing Denied May 10, 1928.

**1. Railroads ⬦485(3)—Instruction that jury must be reasonably satisfied locomotive set fire and defendant was negligent in operation, construction, or maintenance held correct.**

Instruction that evidence of plaintiff must reasonably satisfy jury that defendant railroad was guilty of negligence in operation, construction, or maintenance of its locomotive, which caused or permitted it to throw out sparks in unusual quantity, which set fire to plaintiff's building, before jury could render verdict for plaintiffs, *held* correct, as against contention that charge contravened rule that, while on cases whole burden of proof rests on plaintiff, yet when plaintiff has proved that fire was set by railroad company's locomotive, burden shifts to defendant to show proper construction, equipment, and operation of locomotive.

**2. Railroads ⬦485(6)—Instruction on negligence in maintenance of locomotive alleged to have caused fire sufficiently covered alleged case of improper equipment.**

In action for damages for destruction of property by fire alleged to have been communicated by defendant's locomotive, instruction that, before plaintiff could recover, jury must be satisfied that railroad company was negligent in operation of or construction and maintenance of locomotive, *held* to sufficiently cover alleged case of improper equipment.

**3. Trial ⬦296(1)—While erroneous charge cannot be cured by another charge, charge may be explained without error.**

Though a charge positively erroneous cannot be cured by another charge, a charge may be explained without error.

**4. Railroads ⬦485(6)—Oral charge held to sufficiently explain charge on negligence in maintaining locomotive alleged to have caused fire.**

In action for damages for destruction of property by fire alleged to have been communicated by defendant's locomotive, oral charge that, with prima facie proof of defendant's liability raised, burden was on defendant to show that locomotive was equipped with approved devices and appliances to prevent escape of fire and sparks, and was in good repair, and pru-

dently managed and controlled, *held* to sufficiently explain word "maintenance" in charge regarding negligence of railroad company in construction and maintenance of locomotive, if word needed explanation.

**5. Appeal and error ⬦1064(4)—Instruction, using word "convince" rather than "satisfy," relating to sufficiency of evidence to convince jury, held not reversible error.**

In action for damages for destruction of property by fire alleged to have been communicated by defendant's locomotive, instruction that, before plaintiff could recover, jury must be reasonably satisfied that railroad company was negligent in operation, construction, or maintenance of locomotive, and ending, "if evidence so fails to reasonably 'convince' you, the verdict must be for defendant," *held* not reversible error because of use of word "convince" instead of "satisfy," since one meaning of "convince" is to satisfy by proof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Convince.]

**6. Railroads ⬦482(2)—That origin of fire could not be explained did not authorize jury in finding fire was caused by locomotive.**

Mere fact that origin of fire which destroyed plaintiff's property could not be accounted for or explained would not authorize jury in finding fire originated from sparks emitted from defendant's locomotive, since on case as whole burden of proof rested on plaintiff.

**7. Railroads ⬦482(2)—That fire occurred on premises near railroad track just after train passed would not support inference locomotive caused fire.**

Instruction that mere fact that fire occurred on premises adjacent to steam railroad track just after train passed did not of itself support an inference that fire was caused by spark escaping from locomotive *held* correct, since burden of proof on case as whole rested on plaintiff.

**8. Railroads ⬦480(1)—That fire occurred soon after locomotive passed did not raise presumption that railroad was negligent.**

Mere fact that fire occurred soon after defendant's locomotive passed did not raise presumption that railroad was guilty of negligence in igniting or setting out such fire.

**9. Railroads ⬦485(3)—Instruction that fact that property was destroyed by spark from locomotive would not authorize recovery held proper under evidence.**

In action for damages for destruction of property by fire alleged to have been communicated by defendant's locomotive, charge that mere fact, if it were fact, that plaintiff's property was destroyed by spark from one of defendant's locomotives, was not sufficient to authorize jury to find verdict for plaintiff, *held* proper, since under evidence it was necessary for jury to find not only that defendant's engine set fire, but that engine was not properly constructed or equipped, or had been negligently operated.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Railroads ⬅485(3)—Instruction that there was no duty on railroad to explain origin of fire held proper.**

In action for damages for destruction of property by fire alleged to have been communicated by defendant's locomotive, instruction that there was no duty on defendant to explain or account for origin of fire which destroyed plaintiff's property *held* proper, since it was tantamount to proposition that on case as whole burden of proof was with plaintiff.

**11. Railroads ⬅453—Railroad was not liable for fire caused by locomotive, in absence of negligence.**

Right of railroad company to run its road engines and trains propelled by steam does not make company liable for damages for fires communicated by its engines, in absence of negligence.

**12. Railroads ⬅485(6)—Instruction that,. if spark arrester was in good condition, and engine was properly managed, plaintiff could not recover, held properly given; no other defects being shown.**

In action for damages for destruction of property by fire alleged to have been communicated by defendant's locomotive, instruction that, if jury were reasonably satisfied that spark arrester on locomotive was properly equipped and in good condition, and locomotive was properly managed by competent employees in passing plaintiff's property, jury could not find verdict for plaintiff, *held* proper, where there was nothing to show that there were any other equipment defects which might have contributed to setting out of fire.

On Rehearing.

**12. Appeal and error ⬅1064(1)—Where plaintiff's witness had been convicted of receiving stolen property, charge that concealing stolen property involved moral turpitude held harmless error.**

In action against railroad for damages for destruction of property by fire, where plaintiff's witness had on cross-examination confessed that he had been convicted of receiving stolen property, charge that concealing stolen property, knowing same to have been stolen, was crime involving moral turpitude, *held* harmless error.

**13. Trial ⬅237(6)—Instruction that jury must be reasonably satisfied of defendant's negligence held not instruction that verdict for defendant should result from disagreement of jury.**

Instruction that jury must be reasonably satisfied that defendant's locomotive set fire and defendant was negligent in operation, construction, or maintenance and that, if evidence so failed to reasonably convince jury, verdict must be for defendant, *held* not to instruct jury that verdict for defendant should result from disagreement of jury.

Bouldin and Brown, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages by the Bessemer Feed Mills against the Alabama Great Southern

Railroad Company for destruction of property by fire alleged to have been communicated by defendant's locomotive. From a judgment for defendant, plaintiff appeals. Affirmed.

The following charges were given for defendant:

A. The evidence of the plaintiff must reasonably satisfy each of you that the defendant railroad company was guilty of negligence in the operation of or the construction and maintenance of its engine or locomotive which caused or permitted it to throw out or emit sparks in a large or unusual quantity which set fire to the building of the plaintiff, before you can give a verdict for the plaintiffs. And if the evidence so fails to reasonably convince you, your verdict must be for the defendant.

C. The court charges that the mere fact, if it be a fact, that the origin of the fire which destroyed plaintiff's property cannot be accounted for or explained, would not authorize the jury in finding that the fire originated from sparks emitted from defendant's engine.

12. (Assignment 6.) The court charges the jury that the mere fact that a fire occurred on the premises adjacent to a steam railroad track, just after a train passed along, would not of itself support an inference that the fire was caused by sparks escaping from the locomotive engine.

15. (Assignment 9.) The mere fact, if it be a fact, that the fire occurred soon after the defendant's locomotive engine passed the scene, does not raise the presumption that the fire was caused by the defendant company, or that it was guilty of negligence in igniting or setting out such fire.

13. The right of a railroad company to run on its road engines and trains propelled by steam, an agent generated by fire, does not make the company liable for damages, the result of fires communicated by its engines, in the absence of negligence; the sole right of action in such cases is based upon negligence, and, if it reasonably appears from the evidence that there has been no negligence, there cannot and ought not to be any recovery against the railroad company.

14. If you are reasonably satisfied from the evidence that the spark arrester on the defendant's engine No. 6687 was properly equipped and in good condition, and this engine was properly managed by competent employees in passing plaintiff's property, then you cannot find a verdict for the plaintiff on account of any damage that may have been caused by sparks. coming from or emitted by said engine.

7-A. The court charges the jury that the mere fact, if it be a fact, that the plaintiff's property was destroyed by a spark from one of the defendant's locomotives, is not sufficient to authorize them to find a verdict in favor of the plaintiff.

1-B. The court charges the jury that there is. no duty on the defendant to explain or account for the origin of the fire which destroyed plaintiff's property.

Benton, Bentley & Moore.and Goodwyn & Ross, all of Bessemer, for appellant.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

· Given Charge A was erroneous; it misplaced the burden of proof and ignored the matter of having the locomotive properly equipped. A. G. S. v. Davenport & Co., 195 Ala. 368, 70 So. 674; Wilson Bros. v. M. & O. R. Co., 207 Ala. 171, 92 So. 246; Morrison v. Clark, 196 Ala. 670, 72 So. 305; Hale v. State, 122 Ala. 85, 26 So. 236; Pickens v. State, 115 Ala. 42, 22 So. 551. The giving of an erroneous written charge is not cured by a correct oral instruction. Monte v. Narramore, 201 Ala. 200, 77 So. 726. Counsel argue for error in the giving of other charges, but without citing additional authorities.

Ben G. Perry, of Bessemer, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee. ··

Brief did not reach the Reporter.

SAYRE, J. Appellant sued appellee for setting fire to its building and contents. The argument for a reversal of the judgment is based exclusively upon those rulings of the trial court in which it gave certain written instructions to the jury at appellee's request. The evidence was in conflict as to all material facts.

[1] Stress is laid upon charge A, and Alabama Great Southern v. Davenport, 195 Ala. 368, 70 So. 674, and Wilson v. Mobile & Ohio, 207 Ala. 171, 92 So. 246, are urged as authority for appellant's contention that this charge was erroneously given. The charge correctly states the facts necessary to be proved as a condition precedent to appellant's recovery. It is urged, however, that the charge is so framed as to contravene the rule of those decisions in which the court has held in cases of this sort that, while, upon the case as a whole, the burden of proof rests upon the plaintiff, yet when plaintiff has proved that the fire was set by the railroad company's locomotive, the burden shifts to the defendant to show the proper construction, equipment, and operation of its locomotive. But the charge does not deal with this last proposition. The charge, if the jury were at pains to analyze it, instructed them, in effect, that, in order to return a verdict for the plaintiff, they must be reasonably satisfied from the evidence that defendant's locomotive set fire to plaintiff's property and that defendant was guilty of negligence in the operation or in the construction or maintenance of its locomotive. As to the inferences in respect of operation, construction, or maintenance, to be drawn from the mere fact that defendant's locomotive set out the fire, if so it did, the charge says nothing and cannot be fairly construed as intending anything in derogation of the rule of inference upon which the plaintiff now insists. The charge held for error in Alabama Great Southern v. Davenport, supra, was so framed as to deny, inferentially—or, at least, by refinement of criti-

cism it may have been so construed—the legal meaning and effect of proof that the fire which destroyed plaintiff's property was set out by defendant's locomotive, without more. The charge now under examination is, we think, not affected by that fault.

[2-4] The charge is further criticized for omitting the hypothesis of proper equipment. In this connection also Alabama Great Southern v. Davenport is cited. That case in turn cited Sherrill v. Louisville & Nashville, 148 Ala. 1, 8, 44 So. 153, where no more was said than that charges faulty in this particular are argumentative and may be refused without error. The language of the charge here under consideration is:

"Maintenance of its engine or locomotive which caused or permitted it to throw out or emit sparks in a large or unusual quantity."

Our judgment is that "maintenance," as used in the charge, sufficiently covered the alleged case of improper equipment. The trial court instructed the jury in its oral charge that:

"The mere communication of the fire from the railroad engine [if the jury so found] is of itself sufficient to raise a presumption of negligence against the company. With this prima facie proof of defendant's liability raised in plaintiff's favor, the burden is then devolved upon the defendant of reasonably satisfying the jury, by the evidence, that the engine alleged to have caused the fire was properly constructed, was equipped with approved devices and appliances to prevent the escape of fire and sparks, was in good repair, and prudently managed and controlled."

The complaint was stated in language of utmost generality, charging merely that defendant negligently set fire to plaintiff's property. A charge positively erroneous cannot be cured by another charge; but a charge may be explained without error, and that was the effect of the oral charge in this case— this we say on the assumption, for the argument only, that the word "maintenance" needed explanation. If plaintiff was of that mind, it should have requested an explanatory charge.

As to Wilson v. Mobile & Ohio, supra: Reviewing that case, our present opinion is that the judgment there was properly reversed, but we do not now think that all of the charges listed by this court as having been erroneously given in the trial court misplaced the burden of proof. Charge 5 in that case correctly stated the burden of proof upon the case as a whole and made no effort to deal with the inferences authorized by law upon proof that plaintiff's property was burned by fire set out by defendant's locomotive. In that case, as in this, the evidence upon the issue whether defendant's locomotive had set out the fire was in conflict. The giving of this charge was not error. Or if charge 5 be construed as asserting in substance the same

proposition as the other charges condemned by the court in that case, then our opinion is, none of them were out of harmony with what has been thus far written in the present case.

[5] Exception is also taken in the brief to the word "convince" as used in the charge. If "reasonably convince" means more than "reasonably satisfy," it was not so considered in Alabama Great Southern v. Davenport, supra. One meaning of "convince" is "to satisfy by proof." Webster's International. The charge postulates reasonable conviction, and while the old and frequently approved form, "reasonable satisfaction," were better, we are unwilling to order a reversal on account of the different language employed in the charge. Probably it may be said that the charge was in some very slight degree misleading and called for explanation.

[6-8] In giving charge C the court ruled in harmony with what has been heretofore said. Upon the case as a whole the burden of proof rested upon plaintiff. This burden could not be displaced by a mere surmise that defendant's engine set out the fire, and this, in substance, is the affirmation of the charge. Like reason justifies the court in giving the charges made the subject of assignments of error 6 and 9.

[9] Charge 7–A (assignment of error 3) was given without error. Defendant was authorized to operate its locomotive by steam, which must be generated by fire. It is impossible to construct them so as to be successfully operated without emitting sparks or burning cinders. Defendant's liability arose only upon proof and a finding that its right was exercised negligently. L. & N. v. Marbury Lbr. Co., 125 Ala. 257, 28 So. 438, 50 L. R. A. 620. In the present case plaintiff's evidence put the burden on defendant of showing the proper construction and equipment of its engine. Defendant adduced evidence tending to sustain that burden; but that evidence was not conclusive for the reason that plaintiff's evidence tended to show the emission of sparks or cinders of unusual size and in unusual quantity. In this state of the evidence the rule as to the burden of proof upon the whole case was operative, and, as a condition of plaintiff's recovery, it was necessary for the jury to find not only that defendant's engine had set out the fire, but that in bringing about that result the engine was not properly constructed or equipped or had been negligently operated. Charge 7–A was therefore given without error. L. & N. v. Marbury Lbr. Co., 125 Ala. 237, 257, 28 So. 438, 50 L. R. A. 620; Central of Georgia v. Wilson, 215 Ala. 612, 111 So. 901; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257.

[10] Charge 1–B (assignment 12) was properly given. It was tantamount to the proposition that upon the case as a whole the burden of proof was with plaintiff appellant. As to that all the cases are agreed.

217 ALA.—29

[11] The proposition of charge 13 (assignment 7) is undoubtedly correct. There must be negligence. The rule that the burden of proof shifts when it is shown that the fire which destroyed plaintiff's property was set by defendant's locomotive is adopted for the sole reason that the evidence as to the operation, construction, and equipment (if there be a difference between the two) lies within the peculiar knowledge of defendant on whom, for that reason, the burden of producing it is placed. Still the jury must find that defendant, or its agents, were guilty of negligence before a verdict can be rendered for plaintiff.

[12] Charge 14 (assignment of error 8) was given without error. As for the "construction" of the engine, defendant proved abundantly and without dispute that its construction was of the most modern and efficient character. As for the suggestion that the defendant's engine may have been defective in some respect other than the spark arrester, we are not informed that there were any other "equipment" defects which might have contributed to the setting out of a fire. If there were such other defects, neither the briefs nor the record contain any suggestion as to what they were. The jury were not authorized to proceed on mere surmise, nor can the court extend the rule which permits the shifting of the burden of proof to the extent suggested by appellant. To do so would burden every case with a mass of testimony about irrelevant matters.

We find no error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

BOULDIN and BROWN, JJ., dissent on the ground that charge 7–A was erroneously given.

BOULDIN, J. (dissenting). The fault of the majority opinion, in my judgment, is due primarily to the assumption that an engine properly constructed, equipped, and operated may emit live sparks which may be carried by the wind and set fire to property off the right of way, in this case some 125 feet from the track.

In view of the well-known and manifest duty to use due care to avoid injury to the property of others, and the destructive properties of fire, I think it a violent presumption in this day of mechanical skill to say that an engine cannot, in the exercise of due care, be so constructed and operated as to eliminate such hazard, barring unforeseen accidents to the mechanism.

In Southern Railway Co. v. Ross, 215 Ala. 293, 110 So. 369, there is set out in the opinion excerpts from expert evidence on both sides to the effect that an engine in good con-

dition in all respects cannot emit such live sparks as will set fire to property.

In dealing with charge 7–A we must keep in mind that it was given for defendant. A charge given for plaintiff predicating a right of recovery upon the mere fact that the property was destroyed by sparks from the engine would be invasive of the province of the jury in the face of evidence of proper equipment and operation. I think it is equally invasive of the province of the jury when given for defendant.

The fact that the engine emitted sparks which set fire to the property is evidence of negligence, indeed such evidence as to create a presumption of negligence. No matter. what other evidence is offered, it remains evidence of causal negligence.

· The charge does not deal with the burden of proof, nor the shifting of the burden. If it had merely said the jury should consider the whole evidence in passing upon the issue of negligence, and on the whole evidence must be reasonably satisfied of negligence, it would be correct. After the evidence is all in, the jury may regard the evidence on the direct issue of proper equipment and operation as equally balanced, and the *fact* of the burning by sparks, the only established fact in the case.

The charge in effect tells the jury that in such case they cannot find for plaintiff. I think it an invasion of the province of the jury.

### On Rehearing.

SAYRE, J. Appellant complains of this charge given on request of defendant, apropos, evidently, of the fact that one of plaintiff's witnesses had, on cross-examination, confessed that he had been convicted of receiving stolen property:

"The court charges the jury that concealing stolen property, knowing the same to have been stolen, is a crime involving moral turpitude."

[12] The charge asserts a correct principle of law and it may be conceded that it affected the credibility of the witness. Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Am. St. Rep. 22. "Receiving" is not identical with "concealing," it must be conceded; but it is not perceived that consideration of the legal difference in the definitions of the two offenses could have been of any disadvantage to the plaintiff, or, for that matter, to the witness. As it was, assuming the bill of exceptions to be correct in every particular, the charge was an abstraction the error of which we can hardly allow to work a reversal.

[13] In the next place, appellant, overlooking intermediate matter of much import, and connecting the last sentence of charge "A" directly with the first, would, in order to establish error, have the charge read as instructing the jury that a verdict for defendant should result from a disagreement of the jury. But we do not so read the charge. But if the charge in the respect under consideration was capable of the interpretation put upon it by appellant, at worst it was of misleading tendency merely and should have called for explanation. Partridge v. Forsyth, 29 Ala. 200, 204; 12 Mich. Dig. p. 473.

Application overruled.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

BOULDIN and BROWN, JJ., dissent. They are of opinion that charges 7–A and A were erroneously given. ·